UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARNELL GREEN,

                Plaintiff,

        -against-

T. AHNBRSTER; OFFICER REED; OFFICER DADDEZIO; OFFICER JOHN DOE,

                Defendants.

24-CV-3627 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff, who is currently incarcerated at Green Haven Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that when he was incarcerated at Sullivan Correctional Facility, Defendants used excessive force against him and denied him medical attention. By order dated May 17, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

    On May 20, 2024, the Court issued an order of service on the named Defendants and directed the New York State Department of Corrections and Community Supervision to identify the John Doe officer so that he may be served. (ECF No. 10 at 1.) On June 5, 2024, Plaintiff submitted a letter identifying the John Doe officer as C.O. Prescott. (ECF No. 18.) The Court instructed the Attorney General to provide the full name and service location of C.O. Prescott, (ECF No. 19), which information the Attorney General provided on June 26, 2024, (ECF No. 23).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Daryl Prescott, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the summons is issued.

The Clerk of Court is further instructed to issue a summons for Defendant C.O. Daryl Prescott, complete the USM-285 form with the address for this Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail a copy of this order to the New York State Attorney General at: Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY 10005.

SO ORDERED.

Dated:  June 27, 2024
        White Plains, New York

_____
CATHY SEIBEL
United States District Judge

**SERVICE ADDRESS FOR THE DEFENDANT**

1. C.O. Daryl Prescott
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, NY 12733-0116