UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
DARNELL GREEN,

                              Plaintiff,

          - against -

OFFICER REED, OFFICER DADDEZIO, and
OFFICER D. PRESCOTT,

                             Defendants.
---------------------------------------------------------------- X

24-CV-3627 (CS)

[~~PROPOSED~~] JOINT PRETRIAL ORDER

The parties, having conferred, hereby submit the following joint pretrial order pursuant to Federal Rule of Civil Procedure 26(a)(3) and Section 3.A. of the Court's Individual Rules of Practice.

**I.**   **The full caption of the action.**

The full caption of the action appears above.

**II.**   **The names, addresses (including firm names), email addresses, and telephone and fax numbers of trial counsel.**

<u>Plaintiff's Counsel</u>

Yan Fu
The Fu Firm PLLC
43 West 43rd Street, Suite 205
New York, NY 10036
Email: yfu@thefufirm.com
Telephone: (212) 584-0581
Fax: (646) 396-0534

Regina Yu
Cohen & Green PLLC
1639 Centre St, Suite 216
Ridgewood, NY 11385
Email: regina@femmelaw.com
Telephone: (603) 289-5455
Fax: (929) 888-9457

<u>Defendants' Counsel</u>

Gabriel Cahn
Assistant Attorney General
Office of the New York State Attorney General

28 Liberty Street, 18th Floor
New York, New York 10005
Email: Gabriel.Cahn@ag.ny.gov
Telephone: (212) 416-8570
Fax: (212) 416-6009

Jennifer Goltche
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street, 18th Floor
New York, New York 10005
Email: Jennifer.Goltche@ag.ny.gov
Telephone: (212) 416-8591
Fax: (212) 416-6009

III. **A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.**

Plaintiff's Statement: This Court has subject matter jurisdiction pursuant to 28 U.S.C § 1331. Plaintiff brings this action under 42 U.S.C. § 1983 for a violation of his rights secured by the Eighth Amendment to the United States Constitution. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, which provides for jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.

Defendants' Statement: Defendants do not dispute subject matter jurisdiction.

IV. **A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. The parties shall also identify all claims and defenses previously asserted that are not to be tried.**

Plaintiff's Claims to Be Tried: This is a 42 U.S.C § 1983 case in which Plaintiff alleges that Defendants used excessive force against him in violation of his rights under the Eighth Amendment and/or failed to intervene to prevent/stop those actions, despite having reasonable opportunities to do so.[1]

Defendants' Affirmative Defenses: Defendants are asserting the following affirmative defenses that remain to be tried: (i) any force used was reasonable and justified, and did not violate Plaintiff's Eighth Amendment rights; (ii) Defendants are entitled to qualified immunity on

---

[1] Defendants object to Plaintiff's inclusion of a failure to intervene claim, which is being raised herein for the first time.

Plaintiff's claim of excessive force;[2] (iii) Defendants at no time acted willfully or maliciously in disregard of Plaintiff's constitutional rights, and Plaintiff is therefore not entitled to punitive damages or other relief; and (iv) any injuries or damages were caused, in whole or in part, by Plaintiff's own culpable conduct, or by that of third parties, and any damages may be limited accordingly.

Plaintiff's Previously Asserted Claims That Are Not to Be Tried: Plaintiff previously asserted a medical deliberate indifference claim against Nurse Practitioner Terri Armbruster that is not to be tried.

Defendants' Previously Asserted Defenses That Are Not to Be Tried: Defendants previously asserted the following defenses which are not to be tried: (i) the Amended Complaint fails to state a claim for which relief can be granted; (ii) Plaintiff's claims may be barred by the Prison Litigation Reform Act, 42 U.S.C.§ 1997e, for failure to exhaust his administrative remedies; (iii) Plaintiff's claims may be barred by collateral estoppel or res judicata, or that of third parties, and not by any act of Defendants, and (iv) Plaintiff's claims are barred by the Eleventh Amendment.

**V.    A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

The parties agree that this case is to be tried with a jury. The anticipated number of trial days needed is three.

**VI.   A statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).**

One or more parties have not consented to trial by magistrate judge.

**VII.  Any stipulations or agreed statements of fact or law.**

1. On May 3, 2022, Plaintiff was a prisoner in custody of the New York State Department of Corrections and Community Supervision.

2. On May 3, 2022, Defendants were employed by the New York State Department of Corrections and Community Supervision as correction officers at Sullivan Correctional Facility.

3. At all times relevant to this matter, Defendants were acting under color of state law.

4. Defendants will not introduce evidence regarding any medical treatment they received for any injuries besides what is contained in the Unusual Incident and Use

---

[2] Defendants' entitlement to qualified immunity is an issue of law to be decided by the Court based upon the facts found by the jury. If applicable, Defendants will prepare proposed special interrogatories for the jury, based on the evidence presented at trial. *See Jones v. Treubig*, 963 F.3d 214, 224–25 (2d Cir. 2020).

of Force Reports and the hospital records from Garnet Health Medical Center on May 3, 2022.

**VIII.** **A list of the witnesses each party expects to call on its case in chief, including a very brief description of the witness's role and/or the subject matter of his or her anticipated testimony, and a statement as to whether any other party objects to the witness. A party should include any witness it may want for its case in chief even if the other side has listed that witness.**

Plaintiff's Witnesses

| Witness | Subject Matter of Testimony | Objections |
|---|---|---|
| Darnell Green | <u>Plaintiff</u>. Mr. Green will testify about the May 3, 2022 incident, his interactions with Defendants, any injuries he sustained, and his treatment for such injuries. | |
| Reginald Robinson | <u>Formerly incarcerated individual</u>. Mr. Robinson will testify about the May 3, 2022 incident. | Defendants object to Mr. Robinson testifying because Mr. Robinson was not inside the facility at the time Plaintiff claims Defendants used excessive force against him. |

Defendants' Witnesses

| Witness | Subject Matter of Testimony | Objections |
|---|---|---|
| Darnell Green | <u>Plaintiff</u>. Mr. Green will testify about the May 3, 2022 incident, his interactions with Defendants, any injuries he sustained, and his treatment for such injuries. | |
| Jospeh D'Addezio | <u>Defendant and DOCCS Sergeant</u>. Sgt. D'Addezio will testify about his actions and observations escorting Plaintiff from the draft bus into Sullivan Correctional Facility on May 3, 2022, as well as the medical treatment Sgt. D'Addezio received as a result of this incident. | |
| Daryl Prescott | <u>Defendant and DOCCS Correction Officer</u>. Officer Prescott will testify about his actions and observations escorting Plaintiff from the draft bus into Sullivan Correctional Facility on May 3, 2022, as well as the medical treatment Officer Prescott received as a result of this incident. | |

| | | |
|---|---|---|
| Brett Reed | <u>Defendant and DOCCS Sergeant</u>. Sgt. Reed will testify about his actions and observations escorting Plaintiff from the draft bus into Sullivan Correctional Facility on May 3, 2022, as well as the medical treatment Sgt. Reed received as a result of this incident. | |
| Brian Nudelman | <u>DOCCS Correction Officer</u>. Officer Nudelman will testify about his actions and observations escorting Plaintiff from the draft bus into Sullivan Correctional Facility on May 3, 2022, as well as any medical treatment Officer Nudelman received as a result of this incident. | |
| Brian Barlow | <u>DOCCS Captain</u>. Captain Barlow will testify about his actions and observations escorting Plaintiff from the draft bus into Sullivan Correctional Facility on May 3, 2022, as well as the video recording capabilities at Sullivan at that time. | |
| Megan Gerow[3] | <u>Former DOCCS Registered Nurse</u>. RN Gerow will testify about her observations and medical treatment of Plaintiff at Sullivan Correctional Facility on May 3, 2022. | Plaintiff objects to RN Gerow testifying remotely via video. |

**IX.    A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party. The party designating deposition testimony will be responsible for providing a transcript with its designations clearly marked (if possible by highlighting in one color); the other side's counter-designations clearly marked (if possible by highlighting in another color); and any objections succinctly set forth (e.g., "hearsay," "relevance," "403") in the margin next to the objected-to portion, which shall be identified by a vertical line.**

<u>Plaintiff's Statement</u>: Plaintiff is not designating any prior deposition testimony for his case-in-chief, but respectfully reserves the right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure should it become necessary including, but not limited to, for impeachment.

---

[3] Because RN Gerow currently lives and works in southern California, suffers from medical conditions that will make it painful for her to travel to New York for trial, and has a mandatory in-person proceeding in California at 8:00 a.m. on Wednesday, December 3, 2025, Defendants will make an application for her to be able to testify remotely via videoconference pursuant to Federal Rule of Civil Procedure 43(a). Plaintiff will oppose the application for remote testimony.

Defendants' Statement: Defendants are not designating any prior deposition testimony for their case-in-chief, but respectfully reserve the right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure should it become necessary including, but not limited to, for impeachment.

X. **A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground. These indications are only for the Court's and the parties' guidance and are not stipulations. They do not relieve the proponent of the exhibit of its obligation to establish authenticity and any other necessary foundation for admission of the exhibit. The parties are encouraged, however, to enter into stipulations as to authenticity and admissibility where possible.**

Plaintiff's Exhibits

| No. | Exhibit | Bates Numbers | Description | Objections |
|---|---|---|---|---|
| 1 | Plaintiff's Medical Records | DOCCS_67, 75, 76, 82, 83, 84, 85, 111, 215-216, 218, 219, 222, 225, 229-238, 242, 244, 245, 247, 248, 293, 352, 360, 362, 454, 1290, 1296–1301, 1302, 1303, 1304, 1309–1310, 1311, 1312, 1314, 1348, 1354, 1355, 1366–1372, 1379, 1381–1383, 1386–1387, 1388, 1392, 1393 | Plaintiff's certified DOCCS medical records between April 2022 and the present. | ** |
| 2 | Use of Force Report – Physical Examination of Darnell Green | DOCCS_01234 - 01235 | DOCCS's report of physical examination of Plaintiff by RN Megan Gerow following the May 3, 2022 incident | ** |
| 3 | Photographs of Plaintiff | DOCCS_01237 - 01241 | Photographs of Plaintiff taken by DOCCS correction officer after May 3, 2022 incident | ** |
| 4 | DOCCS Directive 4944 | DOCCS_01275 - 01282 | DOCCS's policies and procedures regarding use of force effective on | * |

| | | | the date of the incident. | |

Defendants' Exhibits

| No. | Exhibit | Bates Numbers | Description | Objections |
|---|---|---|---|---|
| A | Unusual Incident and Use of Force Report | DOCCS_01217–01274 | DOCCS' report following the May 3, 2022 incident involving Plaintiff, redacted to protect non-party medical information. | ** |
| B | Brett Reed Hospital Records | DEFMED_00001–00040 | Sgt. Reed's hospital records from Garnet Health Medical Center from May 3, 2022. | * |
| C | Daryl Prescott Hospital Records | DEFMED_00041–00086 | Officer Prescott's hospital records from Garnet Health Medical Center from May 3, 2022. | * |
| D | Joseph D'Addezio Hospital Records | DEFMED_00087–00123 | Sgt. D'Adezzio's hospital records from Garnet Health Medical Center from May 3, 2022. | * |
| E | BWC Activation Dates | DOCCS_01339 | DOCCS' Body Worn Camera Implementation Schedule. | |
| F | Watch Commander Log | DOCCS_01343 | Sullivan Correctional Facility Watch Commander Log for May 3, 2022. | ** |
| G | Plaintiff's Relevant Medical Records | DOCCS_00067, 00218, 00219, 00222, 00242, 00352, 00360, 00362, 00398, 00422, 00454, 01290, 01304, 01309, | Plaintiff's certified DOCCS medical records between April 2022 and the | ** |

| | | 01338, 1348, 1353, 1357, 1366–1372, 1396 | present, including imaging and treatment reports following May 3, 2022. | |
|---|---|---|---|---|
| H | Plaintiff's Disciplinary Records Related to May 3, 2022 Incident | DOCCS_1188–1207 | Plaintiff's disciplinary disposition arising out of the May 3, 2022 incident. | **FRE 403, 404** |

**XI.    A statement of damages claimed, itemizing each component or element of the damages sought with respect to each claim, including the manner and method used to calculate the claimed damages.**

Plaintiff's Statement: Plaintiff seeks compensatory damages in an amount to be decided by the jury for pain and suffering and loss of enjoyment of life.  Plaintiff also seeks punitive damages in an amount to be decided by the jury.  Plaintiff also seeks attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and disbursements.

Defendants' Statement: Defendants seek dismissal of all remaining causes of action, as well as costs and disbursements of defending the lawsuit.

**XII.    A statement as to whether the parties consent to a less than unanimous verdict.**

The parties do not consent to a less than unanimous verdict.

Dated: October 28, 2025

/s/ Yan Fu
Yan Fu
The Fu Firm PLLC
43 West 43rd Street, Suite 205
New York, NY 10036
(212) 584-0581
yfu@thefufirm.com

Regina Yu
Cohen & Green PLLC
1639 Centre St, Suite 216
Ridgewood, NY 11385
603-289-5455
regina@femmelaw.com

*Attorneys for Plaintiff*

LETITIA JAMES
Attorney General
State of New York
By:

/s/ Gabriel Cahn
Gabriel Cahn
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, NY 10005
(212) 416-8570
Gabriel.Cahn@ag.ny.gov

Jennifer Goltche
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, NY 10005

(212) 416-8591
Jennifer.Goltche@ag.ny.gov

*Attorneys for Defendants*

\* Electronic signature used with permission pursuant to SDNY ECF Rule 8.5(b).

SO ORDERED:

*Cathy Seibel*
_____
THE HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

10/28/25