UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DARNELL GREEN,

                      Plaintiff,

- against -

                                       24-CV-3627 (CS)

OFFICER REED, OFFICER DADDEZIO, and
OFFICER D. PRESCOTT,

                      Defendants.
---------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTIONS *IN LIMINE*

                                                    LETITIA A. JAMES
                                                    Attorney General
                                                    State of New York
                                                    *Attorney for Defendants*
                                                    28 Liberty Street
                                                    New York, New York 10005
                                                    (212) 416-8570

Gabriel Cahn
Jennifer Goltche
Assistant Attorneys General
*Of Counsel*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................................................................... i
**PRELIMINARY STATEMENT** ........................................................................................... 1
**LEGAL STANDARD** ............................................................................................................. 2
**ARGUMENT** ........................................................................................................................... 2
  **POINT I**: PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OR TESTIMONY ABOUT WHY HE REFUSED TO GET OFF THE TRANSFER BUS OR ABOUT THE "CAR" UNIT AT SULLIVAN ........................................................................... 2
  **POINT II**: PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE ABOUT UNPLED OR PREVIOUSLY DISMISSED CLAIMS ............................................... 4
  **POINT III**: PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY OR EVIDENCE ABOUT THE CAUSE OF HIS LEG CONDITION WITHOUT EXPERT PROOF ........................................................................................................................................ 5
  **POINT IV**: PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO UNRELATED INSTANCES OF DOCCS MISCONDUCT OR CROSS-EXAMINING DEFENDANTS ABOUT PRIOR OR PENDING CIVIL LAWSUITS NOT INVOLVING PLAINTIFF .................................................................................................................................... 6
  **POINT V**: PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING THE TESTIMONY OF REGINALD ROBINSON AS PART OF HIS CASE IN CHIEF ................. 8
  **POINT VI**: REGISTERED NURSE MEGAN GEROW SHOULD BE PERMITTED TO TESTIFY REMOTELY AT TRIAL ......................................................................................... 9
  **POINT VII**: DEFENDANTS SHOULD BE PERMITTED TO IMPEACH PLAINTIFF AND HIS POTENTIAL WITNESS ABOUT THEIR PRIOR CRIMINAL CONVICTIONS .......... 10
  **POINT VIII**: PLAINTIFF SHOULD BE PRECLUDED FROM ASKING THE JURY FOR A SPECIFIC DOLLAR AMOUNT IN DAMAGES .................................................................. 13
  **POINT IX**: PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO THE POTENTIAL INDEMNIFICATION OF DEFENDANTS ....................................................... 13
**CONCLUSION** ..................................................................................................................... 14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arlio v. Lively*,
  474 F.3d 46 (2d Cir. 2007) .................................................................................................. 7

*Barnes v. Anderson*,
  202 F.3d 150 (2d Cir. 1999) ................................................................................................ 6

*Berkovich v. Hicks*,
  922 F.2d 1018 (2d Cir. 1991) .............................................................................................. 7

*Brundidge v. City of Buffalo*,
  79 F. Supp. 2d 219 (W.D.N.Y. 1999) ................................................................................ 11

*Colson v. Mingo*,
  No. 18-CV-2765 (JGLC), 2025 WL 688832 (S.D.N.Y. Mar. 4, 2025) ..................... 4, 5, 6, 11

*D.R. by Rodriguez v. Santos Bakery, Inc.*,
  675 F. Supp. 3d 355 (S.D.N.Y. 2023) ................................................................................. 2

*Donnelly v. Anand*,
  No. 21-CV-9562 (PKC), 2025 WL 2494376 (S.D.N.Y. Aug. 29, 2025) .............................. 9

*Gogol v. City of New York*,
  No. 15-CV-5703 (ER), 2018 WL 4616047 (S.D.N.Y. Sept. 26, 2018) ............................ 3, 7

*Gorbea v. Verizon New York, Inc.*,
  No. 11-CV-3758 (KAM) 2014 WL 2916964 (E.D.N.Y. June 25, 2014) ............................ 4

*Hamza v. Saks Fifth Ave., Inc.*,
  No. 07-CV-5974 (FPS), 2011 WL 6187078 (S.D.N.Y. Dec. 5, 2011) ................................ 4

*Harris v. Andersen*,
  No. 17-CV-932 (MAD) (TWD), 2025 WL 2996698 (N.D.N.Y. Oct. 24, 2025) .............. 13

*HDI Glob. Ins. Co. v. Kuehne + Nagel, Inc.*,
  No. 23-CV-6351 (LJL), 2024 WL 5247216 (S.D.N.Y. Dec. 30, 2024) ............................... 2

*Highland Cap. Mgmt., L.P. v. Schneider*,
  551 F. Supp. 2d 173 (S.D.N.Y. 2008) ................................................................................. 2

*Williams v. City of N.Y.*,
  No. 19-CV-3347 (LJL), 2023 WL 2911023 (S.D.N.Y. Apr. 12, 2023) .............................. 12

*Jean-Laurent v. Hennessy*,
   840 F. Supp. 2d 529 (E.D.N.Y. 2011) .................................................................................. 5, 14

*Lewis v. Velez*,
   149 F.R.D. 474 (S.D.N.Y. 1993) ............................................................................................ 12

*Luce v. United States*,
   469 U.S. 38 (1984) .................................................................................................................. 2

*Marshall v. Port Auth. of New York & New Jersey*,
   No. 19-CV-2168 (LJL), 2022 WL 17491006 (S.D.N.Y. Dec. 5, 2022) ................................... 13

*Palmieri v. Defaria*,
   88 F.3d 136 (2d Cir. 1996) ...................................................................................................... 2

*Prophete v. Acevedo-Smith*,
   788 F. Supp. 3d 345 (E.D.N.Y. 2025) ................................................................................. 6, 7

*Rahman v. Lee*,
   No. 23-CV-5665 (LAP), 2024 WL 4043697 (S.D.N.Y. Sept. 4, 2024) ................................... 13

*Republic of Turkey v. Christie's Inc.*,
   527 F. Supp. 3d 518 (S.D.N.Y. 2021) ...................................................................................... 7

*Richmond v. Gen. Nutrition Centers Inc.*,
   No. 08-CV-3577 (PAE) (HBP), 2012 WL 762307 (S.D.N.Y. Mar. 9, 2012) ........................... 7

*Ridge v. Davis*,
   639 F.Supp.3d 465 (S.D.N.Y. 2022) ............................................................................. 2, 8, 12

*Rinaldi v. SCA La Goutte, D'Or*,
   No. 16-CV-1901 (VSB), 2022 WL 443779 (S.D.N.Y. Feb. 14, 2022) ................................... 10

*Rodriguez v. Gusman*,
   974 F.3d 108 (2d Cir. 2020) .................................................................................................... 9

*Ross v. Guy*,
   No. 18-CV-1340 (WFK) (PK) 2022 WL 768196 (E.D.N.Y. Mar. 14, 2022) .......................... 14

*Sawant v. Ramsey*,
   No. 07-CV-980 (VLB), 2012 WL 1605450 (D. Conn. May 8, 2012) ...................................... 9

*Thomas v. C.R. Bard, Inc.*,
   No. 20-CV-2738 (CS), 2022 WL 16748753 (S.D.N.Y. Nov. 7, 2022) ..................................... 6

*United States Sec. & Exch. Comm'n v. Collector's Coffee, Inc.*,
  No. 19-CV-4355 (VM), 2023 WL 8433691 (S.D.N.Y. Dec. 5, 2023) ..................................... 10

*United States v. Estrada*,
  430 F.3d 606 (2d Cir. 2005) .................................................................................................. 11

*Wills v. Amerada Hess Corp.*,
  379 F.3d 32 (2d Cir. 2004) ................................................................................................. 5, 6

*Young v. Sw. Airlines Co.*,
  409 F. Supp. 3d 110 (E.D.N.Y. 2017) ..................................................................................... 6

**State Statutes**
New York Public Officers Law § 17 ............................................................................................ 13
New York Penal Law § 125.20 .................................................................................................... 11
New York Penal Law § 140.25 .................................................................................................... 11
New York Penal Law § 220.09 .................................................................................................... 11
New York Penal Law § 70.00 ...................................................................................................... 11
New York Penal Law § 70.02 ...................................................................................................... 11

**Federal Rules**
Federal Rule of Civil Procedure 43(a) .......................................................................................... 9

**Federal Rules of Evidence**
Fed. R. Evid. 104 ........................................................................................................................... 2
Fed. R. Evid. 401 ....................................................................................................................... 3, 8
Fed. R. Evid. 402 ........................................................................................................................... 6
Fed. R. Evid. 403 ................................................................................................................. passim
Fed. R. Evid. 404 ........................................................................................................................... 7
Fed. R. Evid. 602 ....................................................................................................................... 3, 8
Fed. R. Evid. 609 ................................................................................................................... 11, 12
Fed. R. Evid. 701 ........................................................................................................................... 5

**PRELIMINARY STATEMENT**

Defendants Brett Reed, Joseph D'Addezio, and Daryl Prescott ("Defendants"), current employees of the New York Department of Corrections and Community Supervision ("DOCCS"), respectfully submit this memorandum of law in support of their motions *in limine*. In this action, Plaintiff Darnell Green alleges that Defendants used excessive force against him in violation of his Eighth Amendment rights at Sullivan Correctional Facility ("Sullivan") on May 3, 2022. (Dkt. No. 28 at 4). Specifically, Plaintiff claims that after he refused to exit the transfer bus outside Sullivan, Defendants forcibly escorted Plaintiff off the bus and into a hallway inside the facility where they punched him in the face, and that once inside the medical clinic, Defendants also sat on, bent, and kicked his right leg and knee. (*Id.*)

Ahead of the trial scheduled to begin on December 1, 2025, Defendants respectfully seek an order (1) precluding Plaintiff from offering evidence or testimony about why he refused to exit the transfer bus on May 3, 2022 or about the "CAR" unit at Sullivan; (2) precluding Plaintiff from offering evidence or testimony about unpled or dismissed claims; (3) precluding Plaintiff from offering evidence or testimony about the cause of his leg condition without expert proof; (4) precluding Plaintiff from referring to unrelated instances of DOCCS misconduct or cross-examining Defendants about any prior or pending civil lawsuits not involving Plaintiff; (5) precluding Plaintiff from offering the testimony of Reginald Robinson as part of his case in chief; (6) permitting Registered Nurse Megan Gerow to testify remotely; (7) permitting Defendants to impeach Plaintiff and his potential witness on their prior criminal convictions under Federal Rule of Evidence 609; (8) precluding Plaintiff from asking the jury for a specific dollar amount in damages; and (9) precluding Plaintiff from referring to the potential indemnification of Defendants.

**LEGAL STANDARD**

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). A motion *in limine* streamlines "the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *D.R. by Rodriguez v. Santos Bakery, Inc.*, 675 F. Supp. 3d 355, 358 (S.D.N.Y. 2023) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). "Because a ruling on a motion *in limine* is subject to change as the case unfolds, this ruling constitutes a preliminary determination in preparation for trial." *Ridge v. Davis*, 639 F.Supp.3d 465, 470 (S.D.N.Y. 2022) (quotation marks and citation omitted); *see* Fed. R. Evid. 104(a). However, a court should exclude evidence "when the evidence is clearly inadmissible on all potential grounds." *HDI Glob. Ins. Co. v. Kuehne + Nagel, Inc.*, No. 23-CV-6351 (LJL), 2024 WL 5247216, at *1 (S.D.N.Y. Dec. 30, 2024) (citation omitted).

**ARGUMENT**

**POINT I**

**PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OR TESTIMONY ABOUT WHY HE REFUSED TO GET OFF THE TRANSFER BUS OR ABOUT THE "CAR" UNIT AT SULLIVAN**

It is undisputed that Plaintiff refused to exit the transfer bus upon his arrival at Sullivan on May 3, 2022. (*See* Dkt. No. 28 at 4; Pl.'s Dep., attached to Declaration of Gabriel Cahn ("Cahn Decl.") as **Ex. A**, 127:8–14). To the extent Plaintiff plans to adduce evidence or elicit testimony at trial as to *why* he refused to exit the transfer bus, he should be precluded from doing so to avoid unfairly prejudicing Defendants, confusing the issues, and misleading the jury. Fed. R. Evid. 403.

Plaintiff testified at his deposition that he refused to get off the bus on the date of the

2

incident because he did not want to be returned to the Correctional Alternative Rehabilitation ("CAR") housing unit at Sullivan. (*See* Pl.'s Dep., attached to Cahn Decl. as **Ex. A**, 99:17–101:17, 103:4–12, 104:17–106:3). He explained that he had gotten into an altercation with a nonparty officer while previously housed there and that he also felt that he should not be assigned to the CAR unit. (*See id.*) However, information about the CAR program or Plaintiff's prior negative experiences with nonparties while housed there are not relevant to his claim to be tried. *See* Fed. R. Evid. 401. Further, Plaintiff's testimony about Defendants' supposed knowledge of any of Plaintiff's prior experiences not involving them would be purely speculative. *See* Fed. R. Evid. 602. Indeed, Plaintiff's rationale for refusing to get off the bus at Sullivan and his eligibility to be housed within the CAR unit have no bearing on whether Defendants used excessive force against him on May 3, 2022.

Beyond Plaintiff's subjective feelings about the CAR unit not being relevant or probative in relation to his Eighth Amendment claim against Defendants, such testimony and evidence would needlessly risk prejudicing Defendants, confusing the issues, and misleading the jury. Fed. R. Evid. 403. For instance, jurors could improperly infer that a nonparty officer's prior conduct toward Plaintiff is evidence of Defendants' purported misconduct toward him on the date of the incident. *See, e.g.*, *Gogol v. City of New York*, No. 15-CV-5703 (ER), 2018 WL 4616047, at *6 (S.D.N.Y. Sept. 26, 2018) (explaining that such arguments are "prejudicial because they are made precisely to suggest that the Defendant, at the very least, may have acted in conformity with the wrongful conduct of other officers"). Similarly, Plaintiff's personal opinions about his suitability to the CAR program could mislead jurors into thinking that this issue is a relevant consideration as to whether Defendants violated Plaintiff's Eighth Amendment rights—it is not. *Id.* ("The jury will be required to determine whether [defendant's] actions violated the Constitution or not."). Accordingly,

Defendants respectfully move to preclude Plaintiff from offering testimony or evidence explaining why he refused to get off the draft bus, providing background information regarding the CAR program, or depicting any experiences he had while assigned to the CAR unit prior to May 3, 2022.

## POINT II

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE ABOUT UNPLED OR PREVIOUSLY DISMISSED CLAIMS

Plaintiff should be precluded from offering evidence related to any claim which he did not plead, or which has already been dismissed from the case. Such evidence or testimony is not relevant to his sole remaining claim that Defendants personally used excessive force against him in violation of his Eighth Amendment rights. As courts consistently find, evidence relating to unpled or previously dismissed claims "are not of consequence in determining the action," and can therefore properly be excluded. *Gorbea v. Verizon New York, Inc.*, No. 11-CV-3758 (KAM) 2014 WL 2916964, at *2 (E.D.N.Y. June 25, 2014) (quotation marks and citation omitted); *see also Colson v. Mingo*, No. 18-CV-2765 (JGLC), 2025 WL 688832, at *3 (S.D.N.Y. Mar. 4, 2025) ("Evidence pertinent solely to dismissed or unpled claims is irrelevant and inadmissible."); *Hamza v. Saks Fifth Ave., Inc.*, No. 07-CV-5974 (FPS), 2011 WL 6187078, at *7 (S.D.N.Y. Dec. 5, 2011).

As an initial matter, Plaintiff's medical deliberate indifference claim against Defendant Nurse Terri Armbruster was voluntarily dismissed on consent of all parties on April 22, 2025. (*See* Apr. 22, 2025 ECF Entry). Thus, while Plaintiff may offer testimony and medical evidence as to his purported injuries arising from the May 3, 2022 incident, he should be precluded from testifying or offering evidence for the purpose of arguing that he received inadequate medical care while in DOCCS custody. In addition to being irrelevant to Plaintiff's remaining claim, permitting Plaintiff to submit such evidence would risk confusing the jury and unfairly prejudicing Defendants. *See* Fed. R. Evid. 403; *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 548–49

4

(E.D.N.Y. 2011) (precluding plaintiff from referring to his allegedly "unlawful arrest" when his false arrest claim was not at issue).

Likewise, because Plaintiff failed to plead a failure to intervene claim in his operative pleading (*see generally* Dkt. No. 28)—or to allege any factual predicates that would support such a claim—he should be precluded from offering evidence or testimony about whether Defendants had reasonable opportunities to prevent any alleged use of excessive force against him. (*See* Dkt. No. 68 at 2 (Plaintiff's suggestion in the parties' Joint Pretrial Order ("JPTO") that he set forth a failure to intervene claim)).

## POINT III

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY OR EVIDENCE ABOUT THE CAUSE OF HIS LEG CONDITION WITHOUT EXPERT PROOF

Federal Rule of Evidence 701 prohibits non-expert witnesses from offering opinions "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). Although "this Rule does not bar a witness from testifying about their factual experiences of their own injuries," establishing "causation in complex medical cases tends to require the testimony of an expert witness." *Colson*, 2025 WL 688832, at *3. In this case, Plaintiff's Amended Complaint, medical records, and deposition testimony reflect that Plaintiff may suffer from some type of complex, potentially degenerative condition affecting his right leg. (*See, e.g.*, Dkt. No. 28 at 4–5; Pl.'s Dep., attached to Cahn Decl. as **Ex. A**, 191:7–194:7, 201:6–11, 207:20–208:17)).

In situations like this, where the nexus between Plaintiff's leg injury and its alleged cause "would not be obvious to the lay juror, expert evidence is often required to establish the causal connection[.]" *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004) (cleaned up); *accord Thomas v. C.R. Bard, Inc.*, No. 20-CV-2738 (CS), 2022 WL 16748753, at *4–5 (S.D.N.Y. Nov.

5

7, 2022); *see also Barnes v. Anderson*, 202 F.3d 150, 160 (2d Cir. 1999) (noting that this "principle is by no means limited to the medical malpractice context"). To be clear, Defendants are not seeking to preclude Plaintiff from testifying about "the symptoms he experienced and when they occurred in relation to the incident." *Colson*, 2025 WL 688832, at *3. Rather, Defendants respectfully contend that given the complicated nature of Plaintiff's leg condition, he should be precluded from offering opinions regarding whether his condition was caused by Defendants' use of force on May 3, 2022. *See id.*; *Wills*, 379 F.3d at 46 ("In a case such as this, where an injury has multiple potential etiologies, expert testimony is necessary to establish causation[.]"); *Prophete v. Acevedo-Smith*, 788 F. Supp. 3d 345, 362 (E.D.N.Y. 2025) ("As a lay witness, [plaintiff] is not permitted to testify as to specific diagnoses related to this incident or offer causation testimony connecting the incident to any particular medical diagnosis." (footnote omitted)); *Young v. Sw. Airlines Co.*, 409 F. Supp. 3d 110, 115–16 (E.D.N.Y. 2017) (explaining that while a lay juror could "easily assess" allegations of bruises and abrasions, expert evidence would be necessary to explain the cause of less obviously connected ailments such as "migraines, hearing loss, nausea, and left shoulder, lower back, neck, and hip pain," particularly where plaintiff had experienced some of those symptoms prior to the complained-of incident).

## POINT IV

### PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO UNRELATED INSTANCES OF DOCCS MISCONDUCT OR CROSS-EXAMINING DEFENDANTS ABOUT PRIOR OR PENDING CIVIL LAWSUITS NOT INVOLVING PLAINTIFF

Defendants respectfully request, pursuant to Federal Rules of Evidence 402 and 403, that the Court preclude any evidence or testimony concerning unrelated instances of DOCCS misconduct or previous or pending lawsuits against Defendants that do not involve Plaintiff. Such evidence is minimally relevant and substantially more prejudicial than probative of the issues concerning the force used against Plaintiff on May 3, 2022. *See, e.g.*, *Gogol*, 2018 WL 4616047,

6

at *6 ("[A]ny discourse on general societal problems, or on misconduct by other . . . officers unrelated to the Defendant or events at issue in the instant case, are completely irrelevant to the task before the jury."). The only purpose for offering such evidence would be to impermissibly inflame the jury or to suggest a propensity for the allegations of excessive force Plaintiff is asserting in this case. *See* Fed. R. Evid. 404.

Courts within the Second Circuit have found that the probative value of introducing this type of evidence is substantially outweighed by the prejudicial effect it could have and its potential to confuse the jury. *See e.g.*, *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) (explaining that district courts "are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the same parties" (citation omitted)); *Berkovich v. Hicks*, 922 F.2d 1018, 1023 (2d Cir. 1991) (upholding district court's decision to exclude the introduction of the prior complaints that would "inflame the situation"); *Prophete*, 788 F. Supp. 3d at 360 & n.10 (finding that even if there were "notable similarities" between other incidents, admitting such evidence would unfairly risk "improper propensity inferences" and would not be sufficient to show "the existence of a definite project or plan," especially for a claim involving an objective standard); *Republic of Turkey v. Christie's Inc.*, 527 F. Supp. 3d 518, 524–25 (S.D.N.Y. 2021) ("[E]ven if the other act evidence were admissible pursuant to 404(b), the Court would exclude it pursuant to Rule 403 because it is cumulative and would result in numerous trials within the trial as to the circumstances of the other acts."); *Richmond v. Gen. Nutrition Centers Inc.*, No. 08-CV-3577 (PAE) (HBP), 2012 WL 762307, at *9 (S.D.N.Y. Mar. 9, 2012) (precluding the introduction of evidence of lawsuits against defendant because "the risk of unfair prejudice and confusion from introducing documents reflecting allegations in other cases clearly outweighs the probative value of such claims"). Simply put, unrelated allegations against DOCCS and its current

7

or former employees, or allegations against Defendants in other lawsuits, are not admissible evidence of misconduct in this case.

Accordingly, the Court should preclude any questioning or introduction of evidence pertaining to unrelated misconduct by DOCCS employees or prior or pending lawsuits against Defendants.

**POINT V**

**PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING THE TESTIMONY OF REGINALD ROBINSON AS PART OF HIS CASE IN CHIEF**

In the parties' JPTO, Plaintiff indicates that he intends to call nonparty witness Reginald Robinson as part of his case in chief to testify about "the May 3, 2022 incident." (Dkt. No. 68 at 4). At his deposition, however, Plaintiff made clear that Mr. Robinson was not present inside Sullivan when Defendants allegedly used excessive force against him. (Pl.'s Dep., attached to Cahn Decl. as **Ex. A**, 162:17–163:20). Accordingly, because Mr. Robinson's testimony is not relevant to the question of whether Defendants used excessive force against Plaintiff at the time and place where Plaintiff claims they did, his testimony should be precluded. *See, e.g.*, *Ridge*, 639 F. Supp. 3d at 478 (noting that a proposed witness' testimony would be irrelevant where plaintiff stated in a deposition that he was not present at the time of the complained-of incident (citing Fed. R. Evid. 401)); *see also* Fed. R. Evid. 602. Likewise, insofar as Plaintiff seeks to elicit Mr. Robinson's testimony to support the proposition that Plaintiff was not physically resisting Defendants' efforts to remove Plaintiff off the bus and into the facility, Plaintiff himself admitted as much under oath during his deposition. (*See, e.g.*, Pl.'s Dep., attached to Cahn Decl. as **Ex. A**, 118:8–119:15). Finally, to the extent Plaintiff seeks to introduce Mr. Robinson's testimony as to what Plaintiff told him about the incident several days later, such testimony would be inadmissible hearsay. *See* Fed. R. Evid. 801.

Therefore, Defendants respectfully maintain that Mr. Robinson should be precluded from testifying at trial because his testimony would be irrelevant and inadmissible.

**POINT VI**

**REGISTERED NURSE MEGAN GEROW SHOULD BE PERMITTED TO TESTIFY REMOTELY AT TRIAL**

Pursuant to Federal Rule of Civil Procedure 43(a), Defendants respectfully request that former DOCCS Registered Nurse Megan Gerow be permitted to testify remotely during trial via Microsoft Teams or a comparable videoconferencing platform acceptable to the Court.

"Under Federal Rule of Civil Procedure 43(a), the judge has discretion to allow live testimony by video for good cause in compelling circumstances and with appropriate safeguards." *Rodriguez v. Gusman*, 974 F.3d 108, 114 (2d Cir. 2020) (quotation marks and citation omitted); *see also Donnelly v. Anand*, No. 21-CV-9562 (PKC), 2025 WL 2494376, at *2 (S.D.N.Y. Aug. 29, 2025) ("A court has broad discretion to allow live testimony by video, and many circumstances may constitute good cause[.]"). "Serious health conditions inhibiting a witness's ability to travel constitute good cause and compelling circumstance to permit live testimony in open court via video conference." *Sawant v. Ramsey*, No. 07-CV-980 (VLB), 2012 WL 1605450, at *3 (D. Conn. May 8, 2012).

In this case, RN Gerow, who currently lives and works in San Diego, California, suffers from certain medical conditions that would make it burdensome and painful for her to travel across the country for the upcoming trial. (*See* Affidavit of Megan Gerow, attached to Cahn Decl. as **Ex. B**, ¶¶ 1, 5, 7). Specifically, RN Gerow suffers from osteoarthritis in her bilateral knee joints, back, and neck, and the pain she experiences "as a result of this condition is exacerbated in cold climates." (*Id.* ¶ 8). This is a "major reason" why she now lives in southern California, and her condition has also worsened since fracturing her right patella in December 2022, and as a result of

9

a crush injury to her right forearm that may need surgical intervention. (*Id.* ¶¶ 8–9).[1] In addition, RN Gerow has a mandatory in-person independent medical provider evaluation scheduled in connection with her pending workers' compensation claim in California at 8:00 a.m. on December 3, 2025. (*Id.* ¶¶ 10–11). This evaluation was scheduled by a third party, and if she is required to travel across the country for the trial, RN Gerow would risk missing this important appointment and further delaying the resolution of her claim. (*Id.* ¶¶ 12–13).

Accordingly, Defendants respectfully contend that in light of RN Gerow's medical condition and her in-person evaluation in California on the morning of December 3, 2025, good cause exists to allow RN Gerow to testify remotely at the upcoming trial. Appropriate safeguards for her remote testimony can easily be established. *See, e.g.*, *United States Sec. & Exch. Comm'n v. Collector's Coffee, Inc.*, No. 19-CV-4355 (VM), 2023 WL 8433691, at *1 (S.D.N.Y. Dec. 5, 2023) (directing the parties to confer so that [the nonparty witness] can efficiently access the exhibits needed for his testimony, whether electronically or on paper."); *see also Rinaldi v. SCA La Goutte, D'Or*, No. 16-CV-1901 (VSB), 2022 WL 443779, at *2 (S.D.N.Y. Feb. 14, 2022) ("Modern videoconferencing technology does allow for contemporaneous presentation of exhibits.").[2]

## POINT VII

## **DEFENDANTS SHOULD BE PERMITTED TO IMPEACH PLAINTIFF AND HIS POTENTIAL WITNESS ABOUT THEIR PRIOR CRIMINAL CONVICTIONS**

Once Plaintiff and his witness elect to testify, "certain portions of their criminal records can be used for impeachment purposes on cross-examination pursuant to Rule 609 of the Federal

---

[1] Should the Court require additional medical documentation related to RN Gerow's condition, the undersigned can coordinate with RN Gerow to gather such information for *in camera* review.

[2] *See Tripathy v. McClowski, et al.*, 21-CV-6584 (CS) (S.D.N.Y. Apr. 30, 2025).

Rules of Evidence." *Brundidge v. City of Buffalo*, 79 F. Supp. 2d 219, 225 (W.D.N.Y. 1999). As a result, Defendants request that they be allowed to impeach Plaintiff and, to the extent he is permitted to testify, Reginald Robinson, on their prior criminal convictions. Specifically, Defendants seek an order permitting them to cross-examine Plaintiff about his convictions and sentence for (1) Manslaughter in the First Degree pursuant to Section 125.20 of the New York Penal Law, a class B violent felony, and (2) Criminal Possession of a Controlled Substance in the Fourth Degree under Section 220.09 of the New York Penal Law, a class C non-violent felony. (*See* Plaintiff's Incarcerated Lookup Page, attached to Cahn Decl. as **Ex. C**). Both crimes are punishable by more than one year. N.Y. Penal L. §§ 70.00(2)(b), 70.02(3)(a). Similarly, Defendants ask that they be permitted to cross-examine Mr. Robinson about his prior conviction and sentence for Attempted Burglary in the Second Degree pursuant to Section 140.25 of the New York Penal Law, a class D violent felony, which is punishable by more than one year. N.Y. Penal L. § 70.02(3)(c). (*See* Reginald Robinson's Incarcerated Lookup Page, attached to Cahn Decl. as **Ex. D**).

Federal Rule of Evidence 609, entitled "Impeachment by Evidence of a Conviction of Criminal Conviction," states that subject to Federal Rule of Evidence 403, evidence of a witness's criminal conviction must be admitted in a civil trial to attack that witness's character for truthfulness if it is for a crime that was punishable by death or more than one year in prison. Fed. R. Evid. 609(a)(1)(A); *see United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005) ("Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully.").[3] In balancing probative value against prejudicial effect under Federal Rules of

---

[3] Rule 609(b) does not apply in this case because the trial will be within 10 years of the date of Plaintiff's and Mr. Robinson's release from the confinement imposed for their respective convictions. Fed. R. Evid. 609(b); *see Colson*, 2025 WL 688832, at *1. Plaintiff was sentenced to

11

Evidence 609 and 403, courts examine "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Williams v. City of N.Y.*, No. 19-CV-3347 (LJL), 2023 WL 2911023, at *2 (S.D.N.Y. Apr. 12, 2023).

With respect to Plaintiff's manslaughter and drug possession convictions, these factors weigh in favor of admissibility, and their probative value is not substantially outweighed by the risk of unfair prejudice to Plaintiff. Even assuming the remoteness of Plaintiff's crimes tilts in Plaintiff's favor, these past crimes bear little resemblance to the allegations of misconduct in this case, and the importance of Plaintiff's credibility is paramount. This matter hinges on the credibility of the parties: Plaintiff's version of events versus Defendants' version of events. Plaintiff may be the only witness to testify in support of his case in chief, and Defendants should be allowed to cross-examine evidence that bears on Plaintiff's credibility when determining the veracity of his claims. Any prejudice of such questioning would be limited, as the jury will already know of Plaintiff's prior incarceration based upon the relevant incident occurring in a prison. *See e.g., Lewis v. Velez*, 149 F.R.D. 474, 482 (S.D.N.Y. 1993) (reasoning that it is "not improper to admit convictions for past felonies where conduct in those crimes was not similar to conduct at issue, . . . where credibility is important to the jury's decision," and "where the jury knows that a witness is a convicted felon" (citations omitted)).

For the same reasons, should Plaintiff's proposed witness Reginald Robinson be permitted to testify, Defendants will want to inquire about Mr. Robinson's past criminal conviction for

---

20 years for his convictions and was released from DOCCS custody on or about October 16, 2025, and Mr. Robinson was sentenced to 12 years for his conviction and was released from DOCCS custody on or about July 23, 2025, both well within the 10-year limitation. (*See* Plaintiff's Incarcerated Lookup Page, attached to Cahn Decl. as **Ex. C**; Reginald Robinson's Incarcerated Lookup Page, attached to Cahn Decl. as **Ex. D**).

attempted burglary. *See, e.g.*, *Ridge*, 639 F. Supp. 3d at 472–73 (allowing impeachment testimony related to burglary); *Marshall v. Port Auth. of New York & New Jersey*, No. 19-CV-2168 (LJL), 2022 WL 17491006, at *3 (S.D.N.Y. Dec. 5, 2022) (same for robbery in the third degree).

## POINT VIII

### PLAINTIFF SHOULD BE PRECLUDED FROM ASKING THE JURY FOR A SPECIFIC DOLLAR AMOUNT IN DAMAGES

"Although the trial judge may exercise his or her discretion whether to permit a party to request a specific dollar amount for damages, permitting such a request is disfavored in the Second Circuit because it risks unfairly swaying the jury by anchoring the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence." *Rahman v. Lee*, No. 23-CV-5665 (LAP), 2024 WL 4043697, at *6 (S.D.N.Y. Sept. 4, 2024) (cleaned up); *see also Marshall*, 2022 WL 17491006, at *5. Therefore, Defendants ask that Plaintiff be precluded from requesting a specific dollar amount from the jury, or suggesting a specific dollar amount regarding non-economic damages that he allegedly suffered as a result of Defendants' purported conduct. *See Rahman*, 2024 WL 4043697, at *7; *Marshall*, 2022 WL 17491006, at *6.

## POINT IX

### PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO THE POTENTIAL INDEMNIFICATION OF DEFENDANTS

Finally, Defendants seek an order precluding Plaintiff from introducing evidence or otherwise referring to the possibility that the State of New York may indemnify Defendants for any money damages that may be awarded at trial.

Defendants' entitlement to indemnification is uncertain and is only determined post-judgment. *See* N.Y. Pub. Off. L. § 17(3). In any event, possible indemnification is irrelevant to the issues before the jury and would unfairly prejudice Defendants by giving the jury the impression that the State, generally viewed as a "deep pocket," will pay any judgment. *See, e.g.*, *Harris v.*

13

*Andersen*, No. 17-CV-932 (MAD) (TWD), 2025 WL 2996698, at *6 (N.D.N.Y. Oct. 24, 2025); *Ross v. Guy*, No. 18-CV-1340 (WFK) (PK) 2022 WL 768196, *6 (E.D.N.Y. Mar. 14, 2022); *see also Jean-Laurent*, 840 F. Supp. 2d at 550 ("Indemnification is not relevant to any issue before the jury[.]").

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their motions *in limine*.

Dated: New York, New York
November 11, 2025

                                              LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

By:
 /s/ *Gabriel Cahn*
Gabriel Cahn
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, NY 10005
(212) 416-8570
Gabriel.Cahn@ag.ny.gov

Jennifer Goltche
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, NY 10005
(212) 416-8591
Jennifer.Goltche@ag.ny.gov

## CERTIFICATION UNDER LOCAL CIVIL RULE 7.1

According to Microsoft Word, and in compliance with Local Civil Rule 7.1(c), I certify that this Memorandum of Law contains 4,278 words.

Dated: New York, New York
November 11, 2025

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

By:
 /s/ *Gabriel Cahn*
Gabriel Cahn
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, NY 10005
(212) 416-8570
Gabriel.Cahn@ag.ny.gov

Jennifer Goltche
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, NY 10005
(212) 416-8591
Jennifer.Goltche@ag.ny.gov