```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARNELL GREEN,                                              :
                                                            :
                              Plaintiff,                    :
                                                            :
        - against -                                         :    24-CV-3627 (CS)
                                                            :
OFFICER REED, OFFICER DADDEZIO, and                         :
OFFICER D. PRESCOTT,                                        :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

## DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTIONS *IN LIMINE*

LETITIA A. JAMES
Attorney General
State of New York
*Attorney for Defendants*
28 Liberty Street
New York, New York 10005
(212) 416-8570

Gabriel Cahn
Jennifer Goltche
Assistant Attorneys General
*Of Counsel*

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................................ 1

**ARGUMENT** ................................................................................................................... 1

    **POINT I**: EVIDENCE OF PLAINTIFF'S AND HIS WITNESS'S PRIOR CRIMINAL CONVICTIONS IS PERMISSIBLE IMPEACHMENT MATERIAL ....................................... 1

    **POINT II**: PLAINTIFF'S DOCCS DISCIPLINARY RECORDS ARISING OUT OF THE MAY 3, 2022 INCIDENT ARE RELEVANT AND ADMISSIBLE FOR THE PURPOSE OF SHOWING THAT THE INCIDENT WAS NOT VIDEOTAPED ............................................. 3

    **POINT III**: PLAINTIFF'S PREEXISTING INJURIES ARE HIGHLY RELEVANT FOR CAUSATION AND DAMAGES ....................................................................................... 4

    **POINT IV**: EVIDENCE OF PLAINTIFF'S PHYSICAL ABILITIES AS OF SEPTEMBER 2025 IS HIGHLY RELEVANT FOR THE ISSUE OF DAMAGES ........................................ 5

**CONCLUSION** ............................................................................................................... 5

## PRELIMINARY STATEMENT

Defendants Brett Reed, Joseph D'Addezio, and Daryl Prescott ("Defendants"), current employees of the New York Department of Corrections and Community Supervision ("DOCCS"), respectfully submit this memorandum of law in response to Plaintiff Darnell Green's motions *in limine*. (Dkt. Nos. 70, 71).

Plaintiff is asking the Court to preclude Defendants from offering evidence or eliciting testimony about (1) Plaintiff's felony convictions; (2) Reginald Robinson's felony convictions; (3) Plaintiff's and Mr. Robinson's DOCCS disciplinary histories; (4) Plaintiff's DOCCS disciplinary sanctions arising out of the May 3, 2022 incident involving Defendants; (5) a use of force incident involving Plaintiff on or about April 18, 2022, and (6) a physical altercation involving Plaintiff on or about September 16, 2025.

For the reasons set forth below, Defendants oppose Plaintiff's first, second, fourth, fifth, and sixth requests. With respect to Plaintiff's third request, unless Plaintiff or Mr. Robinson open the door to questions about their disciplinary histories, Defendants do not intend to introduce evidence of their prior DOCCS disciplinary histories. *See, e.g.*, *Prophete v. Acevedo-Smith*, 788 F. Supp. 3d 345, 360 (E.D.N.Y. 2025) (allowing cross-examination regarding past incidents if plaintiff "'opens the door' by asserting that he was not involved in any prior altercations").

## ARGUMENT

### POINT I

### EVIDENCE OF PLAINTIFF'S AND HIS WITNESS'S PRIOR CRIMINAL CONVICTIONS IS PERMISSIBLE IMPEACHMENT MATERIAL

With respect to Plaintiff's first two requests related to his criminal convictions and those of his witness, Reginald Robinson—and as explained in Defendants' motions *in limine* (*see* Dkt. No. 74 at 10–13)—"certain portions of their criminal records can be used for impeachment

purposes on cross-examination pursuant to Rule 609 of the Federal Rules of Evidence." *Brundidge v. City of Buffalo*, 79 F. Supp. 2d 219, 225 (W.D.N.Y. 1999).

As an initial matter, Defendants should be allowed to impeach Plaintiff on his prior conviction and sentence for possession of a controlled substance, and to impeach Mr. Robinson on his 2014 conviction and sentence for attempted burglary. *See United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005) ("[T]he 'essential facts' of a witness's convictions, including the statutory name of each offense, the date of conviction, and the sentence imposed, are included within the 'evidence' that is to be admitted for impeachment purposes."). Plaintiff is correct that "obviously, by the nature of the case, the jury will know that Plaintiff [and Mr. Robinson] had been convicted of a crime." (Dkt. No. 71 at 4). However, that cuts *against* the prejudicial effect of introducing the essential facts of these convictions. *See Lewis v. Velez*, 149 F.R.D. 474, 482 (S.D.N.Y. 1993) (evidence of plaintiff's drug conviction was admissible at trial because "[w]hile the probative value of such a conviction may be small, given the jury's awareness that the plaintiff is a convicted felon, there is no prejudice that could substantially outweigh that probative value").

This is especially true for Plaintiff's conviction for possession of controlled substances and Mr. Robinson's conviction for attempted burglary, neither of which remotely resemble the conduct at issue in this case, nor are "so ancient as to lose any probative force[.]" *Marshall v. Port Auth. of New York & New Jersey*, No. 19-CV-2168 (LJL), 2022 WL 17491006, at *3 (S.D.N.Y. Dec. 5, 2022) (quoting *Casmento v. Volmar Constr., Inc.*, No. 20-CV-0944 (LJL), 2022 WL 1094529, at *4 (S.D.N.Y. Apr. 12, 2022)). Moreover, the credibility of Plaintiff and his witness are critical in this case, as they are the only fact witnesses testifying on Plaintiff's behalf. *See Ridge v. Davis*, 639 F. Supp. 3d 465, 475 (S.D.N.Y. 2022). Accordingly, the probative value of Plaintiff's drug possession conviction and Mr. Robinson's attempted 2014 burglary conviction are not

substantially outweighed by their prejudicial effect, and Defendants should be able to introduce evidence of the name, date, and sentence imposed for these convictions. *See, e.g.*, *Reeder v. Bishop*, No. 15-CV-1078 (MAD) (TWD), 2019 WL 3732050, at *4 (N.D.N.Y. Aug. 8, 2019) (permitting defendants to "introduce evidence about the 'essential facts'—*i.e.*, the name, date, and the sentence imposed—for each of the [relevant c]onvictions").

As for Plaintiff's manslaughter conviction, Defendants do not intend to introduce evidence of the underlying facts of Plaintiff's crime. Rather, Defendants seek to introduce just the date of his second felony conviction from 2007 and the term of his imprisonment. *Alexander v. Hanson*, 566 F. Supp. 3d 162, 170–71 (N.D.N.Y. 2021) (allowing defendants to elicit testimony about the date of plaintiff's 2004 conviction for murder and his term of imprisonment, where it was potentially "relevant to the jury's assessment of how much weight to accord this impeachment evidence," and where there was not "any danger of unfair prejudice to [p]laintiff from that evidence that outweigh[ed] its probative value"); *Brown v. Turriglio*, No. 17-CV-175 (BKS) (DJS), 2018 WL 4565767, at *3 (N.D.N.Y. Sept. 24, 2018) (finding that "evidence of the fact of Plaintiff's incarceration on the basis of two [violent] felony convictions in 2014, and the term of imprisonment [we]re admissible, but that the names, and nature of the convictions [we]re not admissible").

For the reasons discussed above, the Court should deny Plaintiff's first and second motions *in limine*.

## POINT II

**PLAINTIFF'S DOCCS DISCIPLINARY RECORDS ARISING OUT OF THE MAY 3, 2022 INCIDENT ARE RELEVANT AND ADMISSIBLE FOR THE PURPOSE OF SHOWING THAT THE INCIDENT WAS NOT VIDEOTAPED**

Defendants oppose Plaintiff's fourth motion *in limine* because Plaintiff's disciplinary disposition is admissible for the purpose of disputing Plaintiff's anticipated testimony that the May

3, 2022 incident was videotaped. To be clear, there is no evidence that video footage of this incident ever existed. However, to the extent that Plaintiff suggests that the incident in question was videotaped, Defendants should be allowed to introduce relevant evidence in Plaintiff's disciplinary disposition refuting that proposition. Here, Plaintiff's disciplinary records arising from the May 3, 2022 incident reflect that Plaintiff requested any available video during his disciplinary hearing, but that his request was denied because no such videos were available. (*See* Dkt. No. 72-3 at 4, 15, 20).

Accordingly, the Court should deny Plaintiff's fourth motion *in limine*.

## POINT III

## <u>PLAINTIFF'S PREEXISTING INJURIES ARE HIGHLY RELEVANT FOR CAUSATION AND DAMAGES</u>

Medical records detailing Plaintiff's preexisting injuries that occurred in the days immediately preceding the May 3, 2022 incident are highly relevant to the issues of causation and damages. *See Lewis*, 149 F.R.D. at 483 ("Past medical records detailing [plaintiff's] physical condition are relevant to the extent that causation of [plaintiff's] injuries is in controversy."); *Milner v. City of Bristol*, No. 18-CV-1104 (JAM), 2020 WL 6049261, at *4 (D. Conn. Oct. 13, 2020) ("[I]nformation regarding plaintiff's pre-existing physical . . . conditions is relevant to determining the scope and severity of the alleged injuries sustained."). Furthermore, the probative value of establishing that these preexisting injuries occurred as a result of a physical altercation is not substantially outweighed by the prejudicial effect of such a showing. Defendants do not intend to introduce evidence regarding the underlying details of any of Plaintiff's prior altercations. However, the fact that Plaintiff may have suffered injuries to his right knee and leg during at least one physical altercation in April 2022 is directly relevant to, and probative of, the questions of (1) whether Defendants caused any injury to Plaintiff's leg on May 3, 2022, and (2) the severity

of any alleged injuries Plaintiff sustained on May 3, 2022.

Thus, the Court should deny Plaintiff's fifth motion *in limine*. *See Castro v. Smith*, No. 16-CV-8147 (JGLC), 2024 WL 69196, at *2–3 (S.D.N.Y. Jan. 5, 2024) (allowing evidence of plaintiff's prior physical altercation to the extent that it showed the manner in which plaintiff was injured where the injury overlapped with the plaintiff's purported injury caused by the defendants).

## POINT IV

### EVIDENCE OF PLAINTIFF'S PHYSICAL ABILITIES AS OF SEPTEMBER 2025 IS HIGHLY RELEVANT FOR THE ISSUE OF DAMAGES

The Court should deny Plaintiff's sixth motion *in limine* because, to the extent that Plaintiff is alleging any ongoing injury caused by Defendants' actions on May 3, 2022, evidence of Plaintiff's two-person altercation in September 2025 is probative of his current physical condition and whether conduct subsequent to the incident in this case exacerbated Plaintiff's injuries. *Cf. Scoma v. City of New York*, No. 16-CV-6693 (KAM) (SJB), 2021 WL 1784385, at *10 (E.D.N.Y. May 4, 2021) ("Evidence of plaintiff's workout regimen and work as a personal trainer after he was arrested is relevant to the magnitude of his injuries and damages.").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's first, second, fourth, fifth, and sixth motions *in limine* as outlined herein.

Dated: New York, New York
November 18, 2025

                                                            LETITIA JAMES
                                                            Attorney General
                                                            State of New York
                                                            *Attorney for Defendants*

                                                            By:
                                                            /s/ *Gabriel Cahn*
                                                            Gabriel Cahn
                                                            Assistant Attorney General
                                                            28 Liberty Street, 18th Floor

New York, NY 10005
(212) 416-8570
Gabriel.Cahn@ag.ny.gov

Jennifer Goltche
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, NY 10005
(212) 416-8591
Jennifer.Goltche@ag.ny.gov

# CERTIFICATION UNDER LOCAL CIVIL RULE 7.1

According to Microsoft Word, and in compliance with Local Civil Rule 7.1(c), I certify that this Memorandum of Law contains 1,422 words.

Dated: New York, New York
       November 18, 2025

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

By:
 /s/ *Gabriel Cahn*
Gabriel Cahn
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, NY 10005
(212) 416-8570
Gabriel.Cahn@ag.ny.gov

Jennifer Goltche
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, NY 10005
(212) 416-8591
Jennifer.Goltche@ag.ny.gov