UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

DARNELL GREEN,

                      Plaintiff,

         - against -

OFFICER REED, OFFICER DADDEZIO, and
OFFICER D. PRESCOTT,

                  Defendants.

------------------------------------------------------------ X

24-CV-3627 (CS)

**DEFENDANTS' PROPOSED
JURY INSTRUCTIONS**

Pursuant to Federal Rule of Civil Procedure 51, Defendants Brett Reed, Joseph D'Addezio, and Daryl Prescott ("Defendants"), by their attorney, LETITIA JAMES, New York State Attorney General, respectfully request that the Court give the following instructions to the jury, in addition to such other generally applicable instructions the Court may give. Pursuant to Federal Rule of Civil Procedure 51(a)(2)(A), Defendants reserve their rights to file supplemental jury instructions after the close of evidence.

     Dated: New York, New York
           November 18, 2025

LETITIA JAMES
Attorney General
State of New York
By:

/s/ *Gabriel Cahn*
Gabriel Cahn
Jennifer Goltche
Assistant Attorneys General
28 Liberty Street, 18th Floor
New York, NY 10005
Gabriel.Cahn@ag.ny.gov
(212) 416-8570
Jennifer.Goltche@ag.ny.gov
(212) 416-8591

*Attorneys for Defendants*

<u>**PROPOSED JURY INSTRUCTIONS**</u>

**I.    INTRODUCTORY REMARKS**

Members of the jury, we have almost reached that point where you will begin your final function as jurors, which, as I hope you all appreciate, is one of the most important duties of citizenship in this country. It is now time for me to instruct you as to the law that governs this case. My instructions will be in four parts.

First, I will give some introductory instructions about the role of the Court and of the jury and about the burden of proof. Second, I will give you instructions concerning the evaluation of evidence. Third, I will describe the law to be applied to the facts as you find them to be established by the evidence. The fourth and final section of these instructions will relate to your deliberations.

[<u>Authority</u>: Charge given in <u>Tripathy v. McClowski et al.</u>, 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

## II. GENERAL INSTRUCTIONS

### A. Role of the Court and the Jury

It is my duty to instruct you as to the law and it is your duty to accept these instructions of law and apply them to the facts as you determine them. If an attorney stated a legal principle different from any that I state to you in my instructions, it is my instructions you must follow. You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion you may have about what the law may be or ought to be, it would be a violation of your oath to base your verdict on any view of the law other than that which I give you.

You, the members of the Jury, are the sole and exclusive judges of the facts. You pass on the evidence, determine the credibility of witnesses, resolve such conflicts as there may be in the testimony, draw whatever reasonable inferences you decide to draw from the facts as you determine them, and determine the weight of the evidence. In doing so, remember that you took an oath to render judgment impartially and fairly based solely on the evidence or lack of evidence and the applicable law.

[Authority: Charge given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

### B.     Burden of Proof

Plaintiff has the burden to prove each and every element of his claims against each Defendant by a preponderance of the evidence. What does a preponderance of the evidence mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents.

In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant credible testimony of all witnesses, regardless of who may have called them, and all the relevant credible exhibits received in evidence, regardless of who may have introduced them. The "credible" evidence means the testimony or exhibits that you find to be worthy of belief.

If, after considering all of the evidence, you are satisfied that Plaintiff has carried his burden on each essential element of a claim as to a particular Defendant, then you must find in his favor on that claim as to that Defendant. If, after such consideration, you find that the evidence produced by Plaintiff is outweighed by the evidence against his claim, or that the credible evidence on a given issue was evenly divided between Plaintiff and the Defendant you are considering, then you must decide that issue against Plaintiff.

That is because Plaintiff must prove more than simple equality of evidence. He must prove each essential element of his claims by a preponderance of the evidence. On the other hand, Plaintiff need not prove more than a preponderance. So long as you find that the scales tip, however slightly, in favor of Plaintiff—that what he claims is more likely true than not—then that issue will have been proven by a preponderance of evidence.

You may have heard of proof beyond a reasonable doubt, which is the proper standard of

proof only in a criminal trial. That requirement does not apply to a civil case such as this and you

should put it out of your mind.

[Authority: Charge given in <u>Tripathy v. McClowski et al.</u>, 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

## III. EVALUATION OF EVIDENCE

### A. What Is and Is Not Evidence

You are to consider only the evidence in the case. The evidence in the case is the sworn testimony of the witnesses, the exhibits received in evidence, and any stipulations to which the parties have agreed. A stipulation is simply an agreement between parties as to the admissibility of exhibits or as to what certain facts were or what the testimony would be if certain people testified before you. The stipulations are the same for your purposes as the presentation of live testimony. You should consider the weight to be given such evidence just as you would any other evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen. Testimony or exhibits that I have excluded or stricken or told you to disregard are not evidence and may not. be considered by you in rendering your verdict. Similarly, with respect to any evidence that I directed you to consider only for a limited purpose during the trial, you should consider such evidence only as I have directed you.

You are not to consider as evidence the questions posed to a witness by the parties' lawyers. It is the witnesses' answers that are evidence, not the questions. Arguments by the attorneys are not evidence because they are not witnesses. What they have said to you in their opening statements and their summations is intended to help you understand the evidence to reach your verdict. If, however, your recollection of the evidence differs from the statements made in the opening statements or summations, it is your recollection that controls.

Finally, any statements or rulings that I may have made, including during these instructions, do not constitute evidence. Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to what the facts are or what the verdict should be. The rulings I have made during the trial are not any indication of my views. Also, you should not draw

any inference from the fact that I may on occasion have asked certain questions of witnesses. Those questions were intended only to clarify or expedite, and are not an indication of my view of the evidence. In short, if anything I have said or done seemed to you to indicate an opinion relating to any matter you need to consider, you must disregard it.

[Authority: Charge given in <u>Tripathy v. McClowski et al.</u>, 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

## B. Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. One kind of direct evidence is a witness's testimony about something the witness knows by virtue of the witness's own senses—something the witness has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact by proof of other facts. Here is a simple example of circumstantial evidence:

Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. Assume that the courtroom blinds are drawn and you cannot look outside. As you are sitting here, someone walks in with an umbrella that is dripping wet. Somebody else walks in with a raincoat that is also dripping wet. You cannot look outside the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started to rain.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from an established fact the existence or the nonexistence of some other fact. Many facts, such as a person's state of mind, can only rarely be proved by direct evidence. Circumstantial evidence is of no less value than direct evidence. The law makes no distinction between the two, but simply requires that you, the jury, decide the facts in accordance with all the evidence, both direct and circumstantial.

[Authority: Charge given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

### C.       Inferences

I have used the term "infer," and the lawyers, in their arguments, have asked you to draw inferences. When you draw an inference, you conclude, from one or more established facts, that another fact exists, and you do so on the basis of your reason, experience, and common sense. The process of drawing inferences from facts in evidence is not a matter of guesswork, suspicion, or speculation. An inference is a reasoned, logical deduction or conclusion that you, the jury, may draw—but are not required to draw—from the facts which have been established by either direct or circumstantial evidence. In considering inferences, you should use your common sense and draw from the facts that you find to be proven whatever reasonable inferences you find to be justified in light of your experience.

[Authority: Charge given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

### D.    Credibility of Witnesses

Now for the important subject of evaluating testimony. How do you evaluate the credibility or believability of the witnesses? The answer is that you use your plain common sense. There is no magic formula by which you can evaluate testimony. You should use the same tests for truthfulness that you would use in determining matters of importance in your everyday lives.

You should ask yourselves: Did the witness impress you as honest, open, and candid, or was the witness evasive and edgy as if hiding something? How did the witness appear—that is, the witness's bearing, behavior, manner, and appearance while testifying? How responsive was the witness to the questions asked on direct examination and on cross-examination?

You should consider the opportunity the witness had to see, hear, and know about the things about which the witness testified; the accuracy of the witness's memory; the witness's candor or lack of candor; the witness's intelligence; the reasonableness and probability of the witness's testimony; its consistency or lack of consistency with other credible evidence, and its corroboration or lack of corroboration by other credible evidence.

In short, in deciding credibility, you should size up the witness in light of the witness's demeanor, the explanations given, and all of the other evidence in the case. Always use your common sense, good judgment, and life experience. Few people recall every detail of every event precisely the same way. A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects. It is for you to determine whether such inconsistencies are significant or inconsequential.

If you find that a witness intentionally testified falsely, that is always a matter of importance you should weigh carefully. If you find that any witness has willfully testified falsely as to any material fact—that is, as to an important matter—the law permits you to disregard completely the

entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unbelievable. You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.

You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged. You may decide because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to yourselves, that the testimony is not worthy of belief.

On the other hand, you may find, because of a witness's bearing and demeanor, the plausibility of the testimony, the other evidence in the case, or for other reasons sufficient to yourselves, that the witness is truthful.

By the processes that I have just described, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

[Authority: Charge given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

### E. Impeachment of Witnesses

[*If applicable*]

You have heard evidence that at some earlier time a witness has said or done something that a party argues is inconsistent with the witness's trial testimony. If the prior inconsistent statement was sworn testimony, it can be considered as evidence. If the prior inconsistent statement was that of a party, it can be considered as evidence against that party. Otherwise, evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability.

Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

[Authority: Charge given in <u>Tripathy v. McClowski et al.</u>, 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

**F.      Witness Preparation**

[*If applicable*]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court. You may consider that fact when you are evaluating a witness's credibility, but there is nothing either unusual or improper about a witness meeting with lawyers before testifying. Such consultation conserves your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultations. The weight, if any, you give to the fact or the nature of the witness's preparation for his or her testimony or the number of times the witness met with counsel is a matter completely within your discretion.

[Authority: Charge given in Magalios v. Peralta et al., 19-CV-6188 (CS) (S.D.N.Y. Apr. 29, 2021).]

### G. Impeachment by Felony Conviction

[*If applicable*]

You have heard the testimony of Plaintiff and his witness who were previously convicted of criminal offenses. Those prior convictions were put in evidence only for a limited purpose, for whatever light they may shed on the Plaintiff's and the witness's credibility. You may consider the fact that the Plaintiff or witness has been convicted of a crime in deciding how much of their testimony to accept and what weight, if any, it should be given, but not for any other purpose.

[Authority: Charge given in Magalios v. Peralta et al., 19-CV-6188 (CS) (S.D.N.Y. Apr. 29, 2021).]

### H.     Bias of Witnesses

In deciding whether to believe a witness, you should also specifically note any evidence of bias, hostility, or affection that the witness may have toward one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating or not cooperating with a particular party. If you find any such bias, hostility, affection, interest, or motive, you must then consider whether it affected or colored the witness's testimony.

You should also take into account any evidence that a witness may benefit or suffer in some way from the outcome of the case. Such interest in the outcome may create a motive to testify falsely and may sway a witness to testify in a way that advances the witness's own interests. Therefore, if you find that any witness has an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of that witness's testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's bias or interest has affected the witness's testimony. You are not required to disbelieve an interested witness; you may accept as much of the witness's testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

[Authority: Charge given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

**I.      Testimony by State Officers and Formerly Incarcerated Individuals**

You have heard testimony of witnesses who were employed by the State of New York during the events at issue in this trial. The law is that the testimony of a witness who is or was a government employee is not deserving of more or less consideration or greater or lesser weight than that of any other witness.

You have also heard the testimony of witnesses who formerly incarcerated. The testimony of someone who was or is an inmate is not entitled to any more or less consideration or any greater or lesser weight by virtue of that fact than that of any other witness. It is your decision, after reviewing all of the evidence, whether to accept or reject all or parts of the testimony of a correction officer witness or a formerly incarcerated individual witness as you would any other witness and to give that testimony whatever weight, if any, you find it deserves.

Additionally, the fact that Plaintiff was incarcerated at the time of the alleged incident has no bearing on whether his rights were violated. You should evaluate his credibility in the same way that you would evaluate the credibility of any witness.

[Authority: Charges given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025); Magalios v. Peralta et al., 19-CV-6188 (CS) (S.D.N.Y. Apr. 29, 2021).]

**J.      Redacted Exhibits**

During the course of the trial, you have seen, among the exhibits received in evidence, documents that were redacted. "Redacted" means that part of the document was taken out. You are to concern yourself only with the part of the document that has been admitted into evidence. You should not speculate as to any reason why another part of it was redacted or what the redacted material was.

[Authority: Charge given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

**K.      Objections by Attorneys**

It is the duty of the attorney for each side to object when the other side offers testimony or other evidence which the attorney believes is not admissible. Counsel also have the right and duty to ask the Court to make rulings of law. All those questions of law must be decided by me. You should not hold it against any attorney or their client because he or she objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law.

As I have already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence. If, however, I sustained an objection to any evidence, or if I ordered evidence stricken, that evidence must be entirely ignored.

[Authority: Charge given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

**L.      All Available Witnesses or Evidence Need Not Be Produced**

There are people whose names you heard during the course of the trial but who did not appear to testify. I instruct you that each party had equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inference or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

[Authority: Charge given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

## IV.    <u>SUBSTANTIVE LAW</u>

Now turning to the substantive instructions.  Plaintiff Darnell Green brings one claim against three different Defendants. You must consider each claim and each Defendant separately. The verdict as to one claim or one Defendant does not control as to other claims or other Defendants. I will now describe the claims and the law that governs those claims.

Plaintiff claims that on May 3, 2022, while he was incarcerated and in the process of being transferred into Sullivan Correctional Facility, Defendants Brett Reed, Joseph D'Addezio, and Daryl Prescott used of excessive force against him in violation of the Eighth Amendment to the U.S. Constitution.

[<u>Authority</u>: Charges given in <u>Tripathy v. McClowski et al.</u>, 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025); <u>Magalios v. Peralta et al.</u>, 19-CV-6188 (CS) (S.D.N.Y. Apr. 29, 2021).]

## A.      Personal Involvement

As I just noted, you must consider Plaintiff's claim against each Defendant separately. You may only hold a Defendant liable for a violation of Plaintiff's rights if Plaintiff has shown that that Defendant was personally involved in the deprivation. Merely being in the prison chain of command is not enough to show personal involvement.

[Authority: Charge given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025); Kravitz v. Purcell, 87 F.4th 111, 129 (2d Cir. 2023).]

### B.    Elements of a Section 1983 Claim

Plaintiff brings his claim under Section 1983 of Title 42 of the United States Code, which I will refer to as "Section 1983" for short. That is the federal civil rights law that provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. Section 1983 states, in relevant part:

"Every person who, under color of any statute, ordinance, regulation, custom or usage of any State . . . subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured[.]"

Now we will unpack that into plain English. To establish a claim under Section 1983, Plaintiff must establish, by a preponderance of the evidence, each of the following three elements as to the Defendant you are considering:

First, that the acts or inaction complained of were committed by the Defendant you are considering acting under color of state law;

Second, that in committing these acts or failing to act, the Defendant you are considering deprived the Plaintiff of a right protected by the U.S. Constitution; and

Third, that the Defendant's acts or inaction were a proximate cause of the injuries sustained by Plaintiff.

I will now explain each of these three elements in greater detail.

[Authority: Charge given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

## C.     The First Element: Action Under Color of State Law

The first element of a Section 1983 claim is that the conduct complained of was committed by the Defendant you are considering acting under color of state law. An individual acts under color of state law when he acts in the performance of official duties for the state or for a political subdivision or agency of the state. In this case, there is no dispute that the Defendants were acting under color of state law at the time of the events in issue. I therefore instruct you that the first element is satisfied.

[Authority: Charge given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

**D.      The Second Element: Deprivation of a Right**

The second element the Plaintiff must prove by a preponderance of the evidence is that each Defendant deprived Plaintiff of a federal right. In order for a Plaintiff to establish this second element, he must show by a preponderance of the evidence (1) that the Defendant you are considering acted in the manner that the Plaintiff alleges and, (2) that Defendant's conduct caused the Plaintiff to suffer the loss of a federal right.

In this case, Plaintiff alleges that Defendants' actions each deprived him of his right as a convicted prisoner to be free from the use of excessive force by prison officials. The Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment, protects convicted prisoners from malicious and sadistic uses of physical force by prison officials. Here, Plaintiff claims that Defendants used force against Plaintiff after he refused to exit the transfer bus at Sullivan, causing him to sustain injury.

Plaintiff, therefore, has the burden of proving by a preponderance of the evidence that, (1) the Defendant you are considering used force against Plaintiff; (2) that Defendant's use of such force was excessive and applied maliciously and sadistically, for the purpose of causing harm, rather than in a good-faith effort to maintain or restore order; and (3) that Defendant's use of such force caused harm to Plaintiff.

A correction officer has the right and duty to use such reasonable force as is necessary under the circumstances to maintain order and assure compliance with prison regulations. Accordingly, in this context, excessive force is force that exceeds what would be reasonable for a correction officer to use for such purposes under all the facts and circumstances presented by the situation.

Further, it is not enough to show that, in hindsight, the amount of force used seems

excessive. Plaintiff must also show that the defendant in question used force maliciously and sadistically for the purpose of causing harm.

Maliciously means intentionally injuring another without just cause or reason. Sadistically means doing so with excessive cruelty or a delight in cruelty.

In deciding whether Plaintiff has proven his claim, you should consider, (1) whether a Defendant used force against Plaintiff; (2) whether there was a need for the application of force; and (3) the relationship between that need for force, if any, and the amount of force applied.

In considering whether there was a need for force, you should consider all the relevant facts and circumstances that the Defendant reasonably believed to be true at the time of the encounter. Such circumstances include whether the Defendant reasonably perceived a threat to the safety of staff or inmates and, if so, the extent of that threat. In addition, you should consider whether Defendant made any efforts to temper the severity of the force used.

You may also consider whether the Plaintiff was physically injured and the extent of such injury. Not every push or shove, even if it may later seem unnecessary in the peace of the courtroom, violates a prisoner's constitutional rights, but a use of force can violate the Eighth Amendment even if it does not cause significant injury. Although the extent of injuries to Plaintiff may help in your evaluation, even a use of force with minimal injury can establish a cognizable constitutional claim if force was applied maliciously and sadistically.

[Authority: Charge given in Magalios v. Peralta et al., 19-CV-6188 (CS) (S.D.N.Y. Apr. 29, 2021); *Wilkins v. Gaddy*, 559 U.S. 34 (2010) (per curiam).]

### E. Third Element: Proximate Cause

The third element of a Section 1983 claim that the Plaintiff must prove by a preponderance of the evidence is that actions or inactions of the Defendant you are considering were a proximate cause of injuries sustained by the plaintiff.

An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the Defendant's act. In other words, if a Defendant's act or failure to act had such an effect in producing the injury that a reasonable person would regard it as being a cause of the injury, then the act is a proximate cause.

A proximate cause need not always be the nearest cause in either time or space. In addition, there may be more than one proximate cause of an injury. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

[Authority: Charge given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

### F. Establishing Liability

It is for you to decide whether Plaintiff has established by a preponderance of the evidence each of the essential elements of his 1983 excessive force claim against each of the Defendants. If you find that Plaintiff has satisfied all of the essential elements of his Section 1983 claim as to a particular Defendant, you must return a verdict against that Defendant on that claim. If you find that Plaintiff has failed to establish one or more of the essential elements of his Section 1983 claim by a preponderance of the evidence as to a particular Defendant, you must return a verdict in favor of that Defendant on that claim.

Although Defendants are being represented by the same counsel, you are not to treat them as one person. Each defendant is entitled to fair, separate, and individual consideration of the case without regard to your decision as to the other Defendants. Although there are three defendants in this case, it does not follow that if one is held liable, one or both of the others is liable as well.

[Authority: Charge given in Magalios v. Peralta et al., 19-CV-6188 (CS) (S.D.N.Y. Apr. 29, 2021).]

### G.     Damages

If, and only if, you have found that Plaintiff has proven a claim by a preponderance of the evidence, then you must determine whether Plaintiff is entitled to money damages, and if so, the amount. You should not infer that Plaintiff is entitled to recover damages merely because I am instructing you on how to award damages. It is your function to decide on liability, and I am instructing you on damages only so that you will have guidance should you decide that Plaintiff is entitled to recover.

If you determine that Plaintiff is entitled to damages, the damages you award must be fair and reasonable, and neither inadequate nor excessive.

There are three types of damages you will be considering: compensatory damages, nominal damages, and punitive damages.

### 1.     <u>Compensatory Damages</u>

The purpose of compensatory, or actual, damages is to award, as far as possible, just and fair compensation for the loss, if any, which you believe Plaintiff actually sustained as a direct or proximate result of the other party's misconduct.

A loss is a direct or proximate result of misconduct if the misconduct was a substantial factor in bringing about the loss—that is, if it had such an effect in producing the loss that reasonable people would regard it as a cause of the losses.

Plaintiff seeks damages to compensate for the physical pain and suffering and the emotional distress he experienced as a result of Defendants' conduct at Sullivan on May 3, 2022.

Plaintiff may be entitled to compensatory damages for any physical pain and suffering he experienced as a result of any Defendant's conduct. There is no requirement that evidence of the monetary value of such intangible things as physical pain and suffering be introduced into

evidence. In order to recover damages for such injuries, Plaintiff must present credible evidence regarding such injuries, and corroboration of that testimony by the circumstances of the case.

In addition, Plaintiff may be entitled to damages resulting from an injury caused by any Defendant that aggravated a pre-existing condition. If you find that, before this incident, Plaintiff had a leg injury or condition and further find that, because of the incident, this injury or condition was aggravated so as to cause increased suffering and disability, then Plaintiff is entitled to recover for any increased disability or pain resulting from such aggravation. He is not, however, entitled to recover for any physical ailment or disability which existed prior to the incident or for any injuries or conditions from which he may now be suffering which were not caused or contributed to by the incident. Plaintiff can recover only for damages caused by aggravation of the pre-existing condition, not the condition itself. Plaintiff should be compensated only to the extent that you find his condition was made worse by the Defendants' actions. Generally, a defendant is liable for damages resulting from an injury even if the underlying physical or mental condition of the plaintiff is not known to the defendant if the defendant's actions made the injury greater or worsened an existing condition. In other words, a defendant who injures a plaintiff takes his victim as he finds him and is responsible for any reasonably foreseeable damages that flow from the injury. A defendant is not responsible, however, for those injuries which would have resulted purely from the original condition. Lastly, the fact that Plaintiff may have had a physical condition that made him more susceptible to injury than a normal healthy person does not relieve the Defendants of all liability for all injuries sustained as a result of their actions. The Defendants are liable even though those injuries are greater than those that would have been sustained by a normal healthy person under circumstances.

Plaintiff may be entitled to compensatory damages for emotional distress, inconvenience,

and loss of enjoyment of life he has suffered as a result of a Defendant's conduct. But Plaintiff's subjective testimony, standing alone, is generally insufficient to sustain an award of emotional distress damages. Rather, Plaintiff's testimony of emotional injury must be substantiated by other evidence that such an injury occurred, such as the testimony of witnesses to Plaintiff's distress, or the objective circumstances of the violation itself. Evidence that a plaintiff has sought medical treatment for the emotional injury, while helpful, is not required.

In determining the amount of the award, it may often be impossible for you to arrive at a precise amount. Nonetheless, it is necessary to arrive at a reasonable award that is supported by the evidence offered by Plaintiff.

In awarding a sum of money as compensatory damages, the basic question for your consideration is: What is the amount of money required to right the wrong done to the Plaintiff by the Defendant? You should be guided by dispassionate common sense. Damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that a party bringing a claim prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of compensatory damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances, to arrive at a figure that will fairly compensate the injured party for all of the injuries you determine were caused by the unlawful conduct of the other party.

You shall award actual damages only for those injuries which you find that Plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find Plaintiff has proven to be the direct or proximate result of conduct

by a Defendant for which you have found that Defendant liable. That is, you may not simply award actual damages for any injury suffered by Plaintiff—you must award actual damages only for those injuries that are a direct or proximate result of the specific claim for which you have found a Defendant or Defendants liable.

If you find that an injury suffered by Plaintiff was partly the result of improper conduct—that is, the result of conduct for which you have found a Defendant liable—and partly the result of conduct that was not improper, you must award damages only for such portion of the injury attributable to the improper conduct. If you are unable to separate the two, however, then you must award damages for the entirety of the injury.

The burden is on Plaintiff to establish with reasonable certainty both the existence and amount of damages caused by the violation. But Plaintiff need not prove the amount with mathematical precision, as long as damages can be calculated without undue speculation. The burden of uncertainty as to the amount of damages is on the wrongdoer.

Relatedly, a basic principle of compensatory damages is that an injury can be compensated only once. If you find more than one Defendant liable, you may still only award damages sufficient to reasonably compensate Plaintiff. That is to say, you should not compensate for the same injury more than once merely because it was caused by more than one Defendant.

Compensatory damages are not intended to punish the liable party. Compensatory damages measure fair and just compensation, commensurate with the loss or injury sustained from the wrongful act. Damages intended to punish the liable party are known as punitive damages, on which I will instruct you later.

2.   Nominal Damages

If you find in favor of Plaintiff on any of his claims, but find that Plaintiff has failed to

prove by a preponderance of the evidence that he suffered any actual damages, then you must award nominal damages on that claim.

Nominal damages are awarded as recognition that a plaintiff's rights have been violated. You must award nominal damages if you conclude that the only injury Plaintiff suffered was the deprivation of his constitutional rights, without any resulting physical, emotional, or financial damage. You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages on a given claim. Either Plaintiff was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages. Nominal damages may only be awarded for a token sum of one dollar.

### 3. Punitive Damages

If you award Plaintiff compensatory or nominal damages, you may also, in your discretion, make an award of punitive damages. Punitive damages are intended to punish a defendant for extreme or outrageous conduct and deter the wrongdoer and others from committing similar acts in the future. You may award Plaintiff punitive damages if you find that the acts or omissions of a Defendant were done maliciously or wantonly. The definition of malice for purposes of punitive damages is different than the definition of malice for purposes of excessive force. In this context, an act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person.

Plaintiff has the burden of proving, by a preponderance of the evidence, that the Defendant

you are considering acted maliciously or wantonly with regard to the Plaintiff's rights. If you find by a preponderance of the evidence that the Defendant you are considering acted with malicious intent to violate the Plaintiff's federal rights or unlawfully injure him, or if you find that that Defendant acted with a callous or reckless disregard of the Plaintiff's rights, then you may award punitive damages.

An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. In making this decision, you should consider the underlying purpose of punitive damages.

Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him or her and others like him or her from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the Defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent this Defendant from similar wrongful conduct in the future, or whether punitive damages are necessary to provide deterrence.

Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the Defendant may have committed. If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the Defendant you are considering should be punished for his or her wrongful conduct, and the degree to which an award of one sum or another

will deter that Defendant or persons like him or her from committing wrongful acts in the future.

Let me again emphasize that I have instructed you on damages so you will have guidance in the event you find that Plaintiff has proven a claim or claims against a Defendant or Defendants, but I do not mean to suggest that he has or what your verdict should be. You should only consider my instructions on damages if you have found Plaintiff has prevailed under my instructions in this Part.

[Authority: Charges given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025); Magalios v. Peralta et al., 19-CV-6188 (CS) (S.D.N.Y. Apr. 29, 2021).]

## V.   **DELIBERATIONS**

### A.   **Duty to Deliberate and Unanimous Verdict**

In a few minutes, you will go into the jury room and begin your deliberations. It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself, but you should do so only after consideration of the case with your fellow jurors. Your verdict, and the answers to each question on the verdict form, must be unanimous.

Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without prejudice or favor toward any party, and adopt that conclusion which in your good conscience appears to be in accordance with the evidence.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold center stage in the jury room, and no one juror should control or monopolize the deliberations. You should all listen to one another with courtesy and respect. If, after stating your own view, and if, after listening to your fellow jurors, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view.

On the other hand, do not surrender your honest opinions and beliefs concerning the weight or effect of the evidence solely because of the opinions of your fellow jurors or because you are outnumbered or for the mere purpose of returning a verdict. Your final vote must reflect your conscientious belief as to how the issues should be decided. Your verdict must be unanimous.

[Authority: Charge given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

**B.     All Jurors Required for Deliberation**

You are not to discuss the case unless all jurors are present. Five, six, or even seven jurors together is only a gathering of individuals. Only when all eight jurors are present do you constitute a jury, and only then may you deliberate.

[Authority: Charge given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

### C. Duties of the Foreperson

Your first task when you retire to deliberate is to vote on one of you to sit as your foreperson. The foreperson does not have any more power or authority than any other juror, and the foreperson's vote or opinion does not count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the Court. The foreperson will send out any notes for the Court and, when the jury has reached a verdict, will notify Mr. Clark and give the verdict in open court.

[Authority: Charge given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

**D.     Verdict Form**

The foreperson will receive a verdict form on which to record your verdict. You will also each have copies of the verdict form. You will see that it has various questions for you to answer in the order they appear. Follow the instructions on the verdict form regarding which questions you need to answer. When the foreperson has completed the form to reflect the unanimous decisions of the jury, the foreperson must sign the form, and the form will be marked as a Court exhibit.

[Authority: Charge given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

### E. Right to See Exhibits and Hear Testimony: Communications with Court

The exhibits will be loaded on to the computer in the jury room. If you want any of the testimony read back to you, that can be arranged. Please appreciate that it is not always easy to locate the testimony you might want, so be as specific as you possibly can as to what witness and what portion of that witness's testimony you would like to hear.

Any communication with the Court should be made in writing, signed by your foreperson, and given to Mr. Clark. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person.

If at any time you are not in agreement, you are not to reveal the standing of the jurors—that is, the split of the vote—to anyone, including me, at any time during your deliberations. So do not ever indicate, in a note or otherwise, what the vote is or which way the majority is leaning or anything like that. Nobody outside the jury should know how the jury stands on any issue until a unanimous verdict is reached.

[<u>Authority</u>: Charge given in <u>Tripathy v. McClowski et al.</u>, 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

**F.      Juror Note-Taking**

If you took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Further, your notes are not to substitute for your recollection of the evidence in the case. If you have any doubt as to any testimony, you may request that the testimony be read back to you, as I mentioned a moment ago.

[Authority: Charge given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

### G. Sympathy and Prejudice

Under your oath as jurors you are to evaluate the evidence calmly and objectively, without prejudice or sympathy. You are to be completely fair and impartial. You are to be guided solely by the evidence, or lack of evidence, in the case. It would be improper for you to consider, in deciding the facts of the case, any personal feelings you may have about the race, religion, national origin, gender, sex, sexual orientation or identity, disability, or age, of any party or witness, or any other such irrelevant factor. As I mentioned at the start, sometimes these feelings are unconscious. These hidden biases can affect what we see and hear, how we remember what we see and hear, and how we make important decisions. Because you will be making important decisions in this case, be sure to evaluate the evidence carefully and do not jump to conclusions based on personal likes and dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases, whether conscious or unconscious.

It would be equally improper for you to consider any sympathy you might feel for an individual in a lawsuit. All parties are entitled to the same fair trial at your hands. They stand equal before the law and are to be dealt with as equals in this Court. If you let fear or prejudice or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

[Authority: Charge given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025).]

### H. Closing Comments

The most important part of this case, members of the jury, is the part that you as jurors are about to play as you deliberate on the issues of fact. It is for you, and you alone, to decide whether the Plaintiff has proven the elements of his claim against each Defendant by a preponderance of the evidence. I know you will try the issues that have been presented to you according to the oath that you have taken as jurors. In that oath you promised that you would well and truly try the issues in the case and render a true verdict according to the law and the evidence. Your function is to weigh the evidence in the case and reach your decisions based solely on the evidence.

Your duty is to decide the issues before you fairly and impartially, and to see that justice is done. As I previously said, your verdict must be unanimous. Again, if at any time you are not in agreement, you are not to reveal the standing of the jurors—that is, the split of the vote—to anyone, including me, at any time during your deliberations.

[Authority: Charges given in Tripathy v. McClowski et al., 21-CV-6584 (CS) (S.D.N.Y. May 6, 2025); Magalios v. Peralta et al., 19-CV-6188 (CS) (S.D.N.Y. Apr. 29, 2021).]