```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARNELL GREEN,
                                                              No. 24-CV-3627 (CS)
                        Plaintiff,

        - against -

OFFICER REED, OFFICER DADDEZIO, and
OFFICER D. PRESCOTT,

                        Defendants.
------------------------------------------------------------X
```

## **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Plaintiff Darnell Green respectfully requests that the Court include the following specific jury instructions in addition to its standard jury instructions. Unless otherwise cited, all instructions are based upon the instructions given by the Court on April 29, 2021 in *Magalios v. Peralta*, 19-CV-6188 (CS).

## Table of Contents

Testimony of Formerly Incarcerated Individuals ................................................................... 3

Testimony of Government Employees .................................................................................. 4

Plaintiff's Claim Under 42 U.S.C. § 1983 ............................................................................. 5

    1. Federal Right .............................................................................................................. 6

        A.    Excessive Force .................................................................................................. 6

        B.    Failure to Intervene ............................................................................................ 8

    2. Proximate Cause ........................................................................................................ 9

Compensatory Damages ....................................................................................................... 11

    1. Physical Pain and Suffering ..................................................................................... 11

    2. Emotional Distress, Inconvenience, and Loss of Enjoyment of Life ....................... 12

Punitive Damages ................................................................................................................. 14

Joint and Several Liability .................................................................................................... 16

## **Testimony of Formerly Incarcerated Individuals**

The testimony of someone who was or is a prisoner is not entitled to any more or less consideration or any greater or lesser weight by virtue of that fact than that of any other witness. Additionally, the fact that Plaintiff was incarcerated at the time of the alleged incident has no bearing on whether his rights were violated. You should evaluate his credibility in the same way that you would evaluate the credibility of any witness.

## **Testimony of Government Employees**

You've heard testimony of witnesses who are corrections officers or employed by the State. The testimony of a witness who is employed by the State, including the Department of Corrections and Community Supervision, is not entitled to any more or less consideration or any greater or lesser weight by virtue of the witness' position than that of any other witness.

## Plaintiff's Claim Under 42 U.S.C. § 1983

Plaintiff brings this claim pursuant to Section 1983 of Title 42 of the United States Code, which is the federal civil rights law that provides a remedy for individuals who have been deprived, under color of state law, of the rights, privileges and immunities secured by the United States Constitution and federal statutes. I will refer to this law as Section 1983 for short.

Section 1983 holds that:

"Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured."

To establish a Section 1983 clam, Plaintiff Darnell Green must prove, by a preponderance of the evidence, each of the following three elements:

First, the Plaintiff must prove that the defendants were acting under color of state law at the time of the incidents. It is not contested that all three defendants, as New York State Corrections Officers, were acting under color of state law at the time of the alleged incident; therefore, I direct you to find that Plaintiff has satisfied this first element.

Second, the Plaintiff must prove that the defendants' conduct deprived the Plaintiff of a right secured by the Constitution of the United States; that is, the right to be free from the use of excessive force under the Eighth Amendment.

Third, the Plaintiff must prove that the defendants' acts were a proximate cause of injuries sustained by the Plaintiff.

It is for you to decide, based on my instructions and the evidence that has been presented in this trial, whether Plaintiff has established the essential elements of his claim by a preponderance of the evidence.

I will now explain the two contested elements of Plaintiff's Section 1983 claim, elements two and three, in greater detail.

1. **<u>Federal Right</u>**

The second element the Plaintiff must prove by a preponderance of the evidence is that the defendant deprived Plaintiff of a federal right. In order for a Plaintiff to establish this second element, he must show by a preponderance of the evidence that, one, the defendant you are considering acted in the manner that the Plaintiff alleges and, two, that defendant's conduct caused the Plaintiff to suffer the loss of a federal right.

Plaintiff Darnell Green brings separate claims against each defendant. First, Plaintiff alleges that he was subjected to excessive force by Defendants Reed, D'Addezio, and Prescott on May 3, 2022 and, second, Plaintiff alleges that all three Defendants failed to intervene on his behalf when his constitutional rights were being violated and excessive force was used against him by other officers.

I will discuss each of these in turn.

**A. Excessive Force**

I'll start with excessive force. Plaintiff alleges that Defendants' actions deprived him of his right as a convicted prisoner to be free from the use of excessive force by prison officials.

The Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment, protects convicted prisoners from malicious and sadistic uses of physical force by prison officials. In this case, Plaintiff claims that, without justification, Defendants used excessive force on him, causing him to sustain injuries to his face and leg.

Plaintiff, therefore, has the burden of proving by a preponderance of the evidence that:

    (1) The Defendant you are considering used force against Plaintiff;

    (2) That Defendant's use of such force was excessive and applied maliciously and sadistically, for the purpose of causing harm, rather than in a good-faith

> effort to maintain or restore order; and
>
> (3) That Defendant's use of such force caused harm to Plaintiff.

A correction officer has the right and duty to use such reasonable force as is necessary under the circumstances to maintain order and assure compliance with prison regulations. Accordingly, in this context, excessive force is force that exceeds what would be reasonable for a correction officer to use for such purposes under all the facts and circumstances presented by the situation.

Plaintiff must also show that the defendant in question used force maliciously and sadistically for the purpose of causing harm. Maliciously means "intentionally injuring another without just cause or reason." Sadistically means doing so "with excessive cruelty or a delight in cruelty."

In deciding whether Plaintiff has proven his claim, you should consider (1) whether a defendant used force against Plaintiff, (2) whether there was a need for the application of force, and (3) the relationship between that need for force, if any, and the amount of force applied.

In considering whether there was a need for force, you should consider all the relevant facts and circumstances that the defendant reasonably believed to be true at the time of the encounter. Such circumstances include whether the defendant reasonably perceived a threat to the safety of staff or inmates and, if so, the extent of that threat. In addition, you should consider whether defendant made any efforts to temper the severity of the force used.

You may also consider whether a Plaintiff was physically injured and the extent of such injury. Not every push or shove, even if it may later seem unnecessary in the peace of the courtroom, violates a prisoner's constitutional rights, but a use of force can violate the Eighth Amendment even if it does not cause significant injury. Although the extent of injuries to Plaintiff may help in your evaluation, even a use of force with minimal injury can establish a cognizable constitutional claim if force was applied maliciously and sadistically.

Correction officers cross the line into an impermissible motive—using force "maliciously" and "for the very purpose of causing harm" when they inflict pain not to induce compliance, but to punish a prisoner for intransigence or to retaliate for insubordination.[1]

**B. Failure to Intervene**

Now turning to failure to intervene.

Plaintiff claims that each of the defendants was obligated, but failed, to intervene and stop the use of force by others. You should only consider this claim if you find that excessive force was used by someone.

A correction officer who, while not participating in an assault upon an inmate, is present while it occurs may nonetheless bear responsibility for any resulting constitutional deprivation. In addition to protecting prisoners from malicious and sadistic uses of physical force by prison officials, the Eighth Amendment to the United States Constitution requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody.

In determining whether Plaintiff has proven this claim, Plaintiff must establish, again by a preponderance of the evidence, that (1) the defendant you are considering possessed actual knowledge of the use by another correction officer of excessive force; (2) that defendant had a realistic opportunity to intervene and prevent the harm from occurring -- that is, that he had sufficient time to intercede and a capability to prevent the harm; and, (3) that defendant intentionally refused or failed to take reasonable measures to end the use of excessive force.

Only if you find that Plaintiff has shown by a preponderance of the evidence that the defendant you are considering had actual knowledge of the use of excessive force by another officer, had a realistic opportunity to stop the use of excessive force from occurring and intentionally refused or failed to do so should you find that that defendant deprived Plaintiff of

---

[1] *Brooks v. Johnson*, 924 F.3d 104, 113 (4th Cir. 2019); *see also Whitley v. Albers*, 475 U.S. 312, 321, 106 S. Ct. 1078, 1085 (1986).

a federal right by failing to intervene.

Plaintiff asserts that Defendants each used excessive force personally and failed to intervene in the use of excessive force by others. You will see on the verdict form that you will be asked to state your verdict separately for each of the defendants on each of those theories. To find for Plaintiff, you must be unanimous as to whether he has established a Defendant's use of excessive force or the failure to intervene or both.

**2. <u>Proximate Cause</u>**

The third element which Plaintiff must prove by a preponderance of the evidence is that the Defendant's acts were a proximate cause of injuries sustained by Plaintiff. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury and if the injury was a reasonably foreseeable consequence of the Defendant's actions. Thus, if you find that a Defendant deprived Plaintiff of a federal right with the requisite state of mind, the third element requires you to determine whether Plaintiff has established by a preponderance of the evidence that the Defendant's acts proximately caused injury to Plaintiff.

A proximate cause need not always be the nearest cause in either time or space. In addition, there may be more than one proximate cause of an injury. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

An act is a proximate cause of an injury if it was a substantial factor in bringing about the injury and if the injury was a reasonably foreseeable consequence of the Defendant's acts. In other words, if the Defendant's act had such an effect in producing the injury that a reasonable person would regard it as being a cause of the injury, then the act is a proximate cause.

It is for you to decide whether Plaintiff has established by a preponderance of the evidence each of the essential elements of his 1983 excessive force or failure to intervene

claims against each of the Defendants. If you find that Plaintiff has satisfied all of the essential elements of his Section 1983 claim as to a particular Defendant, you must find in Plaintiff's favor on that claim as to that Defendant.

If you find that Plaintiff has failed to establish one or more of the essential elements of his Section 1983 claim by a preponderance of the evidence as to a particular Defendant, you must return a verdict for that Defendant on that claim.

Although Defendants Reed, D'Addezio, and Prescott are being represented by the same counsel, you are not to treat them as one person. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other Defendants. Although there are three Defendants in this case, it does not follow that if one is held liable, one or both of the others is liable as well.

## Compensatory Damages

If you determine that Plaintiff is entitled to damages, the damages you award must be fair and reasonable and neither inadequate nor excessive.

As I said a moment ago, you may award damages only for those injuries which you find Plaintiff has proven by a preponderance of the evidence to have been a proximate result of conduct by defendants in violation of Section 1983.

If Plaintiff has proved all essential elements of his Section 1983 claim, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a proximate result of the misconduct of any Defendant. You shall award actual damages only for those injuries which you find that Plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find Plaintiff has proven to have been the proximate result of conduct by a Defendant in violation of the Eighth Amendment. That is, you may not simply award actual damages for any injuries suffered by Plaintiff. You must award actual damages only for those injuries that are a proximate result of conduct by one or more Defendants that violated Plaintiff's federal rights.

1. **Physical Pain and Suffering**

Plaintiff may be entitled to damages for any physical pain and suffering he experienced as a result of any Defendant's conduct and that which can reasonably be expected in the future. There is no requirement that evidence of the monetary value of such intangible things as physical pain and suffering be introduced into evidence. In order to recover damages for such injuries, Plaintiff must present credible evidence regarding such injuries and corroboration of that testimony by the circumstances of the case.

In addition, Plaintiff may be entitled to damages resulting from an injury caused by any Defendant that aggravated a pre-existing condition. If you find that, before this incident,

Plaintiff had a leg injury or condition and further find that, because of the incident, this injury or condition was aggravated so as to cause increased suffering and disability, then Plaintiff is entitled to recover for any increased disability or pain resulting from such aggravation. He is not, however, entitled to recover for any physical ailment or disability which existed prior to the incident or for any injuries or conditions from which he may now be suffering which were not caused or contributed to by the incident. The Plaintiff can recover only for damages caused by aggravation of the pre-existing condition, not the condition itself. The Plaintiff should be compensated only to the extent that you find his condition was made worse by the Defendant's actions.

Generally, a defendant is liable for damages resulting from an injury even if the underlying physical or mental condition of the plaintiff is not known to the defendant if the defendant's actions made the injury greater or worsened an existing condition. In other words, a defendant who injures a plaintiff takes his victim as he finds him and is responsible for any reasonably foreseeable damages that flow from the injury. A defendant is not responsible, however, for those injuries which would have resulted purely from the original condition. Lastly, the fact that Plaintiff may have had a physical condition that made him more susceptible to injury than a normal healthy person does not relieve the Defendants of all liability for all injuries sustained as a result of their actions. The Defendants are liable even though those injuries are greater than those that would have been sustained by a normal healthy person under the circumstances.

2. **Emotional Distress, Inconvenience, and Loss of Enjoyment of Life**

Plaintiff may be entitled to compensatory damages for emotional distress, inconvenience and loss of enjoyment of life he has suffered as a result of a Defendant's conduct. But Plaintiff's subjective testimony standing alone is generally

insufficient to sustain an award of emotional distress damages. Rather, Plaintiff's

testimony of emotional injury must be substantiated by other evidence that such an injury occurred, such as the testimony of witnesses to Plaintiff's distress or the objective circumstances of the violation itself.

Evidence that a plaintiff has sought medical treatment for the emotional injury, while helpful, is not required in determining the amount of the award. It may often be impossible for you to arrive at a precise amount; nonetheless, it is necessary to arrive at a reasonable award that is supported by the evidence offered by Plaintiff.

Actual damages must not be based on speculation or sympathy; they must be based on the evidence presented at trial.

## **Punitive Damages**

If you find a Defendant is liable, you may also, in your discretion, make an award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct and to deter or prevent a defendant and others like that defendant from committing such conduct in the future.

You may award Plaintiff punitive damages if you find that the acts or omissions of a Defendant were done "maliciously" or "wantonly." The definition of "malice" for purposes of punitive damages is different than the definition of "malice" for purposes of excessive force. For purposes of punitive damages, an act or failure to act is "maliciously" done if it is prompted by ill-will or spite toward the injured person. An act or failure to act is "wanton" if done in callous disregard of or indifference to the rights of the injured person. Plaintiff has the burden of proving by a preponderance of the evidence that a Defendant acted maliciously or wantonly with regard to Plaintiff's rights.

If you find by a preponderance of the evidence that a Defendant acted with malicious intent to violate Plaintiff's federal rights or unlawfully injure him or if you find that a Defendant acted with a callous disregard of Plaintiff's rights, then you may award punitive damages against that Defendant.

An award of punitive damages, however, is discretionary. That is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages or you may decide not to award them. In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded, in the jury's discretion, to punish a defendant for outrageous conduct and to deter him and others like him from similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the Defendant may be adequately punished by an award of actual damages only or whether the conduct is so extreme and outrageous that actual damages are

inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent the Defendant from again committing any wrongful acts he may have committed or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from committing wrongful acts similar to those Defendants may have committed.

If you decide to award punitive damages against a Defendant, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing a sum to be awarded, you should consider the degree to which the Defendant against whom you are awarding punitive damages should be punished for his wrongful conduct and the degree to which an award of one sum or another will deter the Defendant you are considering or those standing in his shoes from committing wrongful acts in the future.

## **Joint and Several Liability**

I want to reiterate that, although there are three Defendants in this case, each Defendant is entitled to fair, separate, and individual consideration of the case without regard to your decision as to any other Defendant. Nevertheless, you might find that more than one Defendant is liable for a particular injury. If two or more persons unite in an intentional act that violates another person's rights, then both of those persons are jointly liable for the acts of each of them. The law does not require the injured party to establish how much of the injury was done by each particular Defendant that you find liable. Thus, if you find that all Defendants acted jointly, then you may treat them jointly for the purposes of deciding compensatory damages, but punitive damages, if you decide to award them, must be decided on an individual basis.