UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DARNELL GREEN,

                      No. 24-CV-3627 (CS)

              Plaintiff,

    - against -

OFFICER REED, OFFICER DADDEZIO, and
OFFICER D. PRESCOTT,

              Defendants.
------------------------------------------------------------------X

### PLAINTIFF'S RESPONSES TO DEFENDANTS' MOTIONS IN LIMINE

                                      THE FU FIRM PLLC
                                      Yan Fu
                                      43 W. 43rd Street, Suite 205
                                      New York, NY 10036
                                      (212) 584-0581
                                      yfu@thefufirm.com

                                      COHEN & GREEN PLLC
                                      Regina Yu
                                      1639 Centre Street, Suite 216
                                      Ridgewood (Queens), NY 11385
                                      (929) 888-9480
                                      regina@femmelaw.com

                                      *Pro bono counsel for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

LEGAL STANDARD ............................................................................................................ 1

ARGUMENT ......................................................................................................................... 1

I. PLAINTIFF SHOULD NOT BE PRECLUDED FROM OFFERING BRIEF TESTIMONY ABOUT WHY HE REFUSED TO GET OFF THE TRANSFER BUS AND ABOUT HIS EXPERIENCE IN SULLIVAN CORRECTIONAL FACILITY'S CORRECTIONAL ALTERNATIVE REHABILITATION UNIT ....................................... 1

II. PLAINTIFF SHOULD NOT BE PRECLUDED FROM TESTIFYING ABOUT MEDICAL CARE WHILE IN DOCCS CUSTODY AND PLAINTIFF HAS RAISED A FAILURE TO INTERVENE CLAIM ............................................................................... 3

III. PLAINTIFF SHOULD NOT BE PRECLUDED FROM TESTIFYING OR OFFERING EVIDENCE ABOUT HIS LEG INJURY, HIS SYMPTOMS AFTER THE INCIDENT, OR THE TREATMENT HE RECEIVED ................................................................................ 7

IV. DEFENDANTS' REQUEST FOR A BLANKET BAN OF EVIDENCE OF OTHER WRONGFUL ACTS BY DEFENDANTS' WITNESSES IS OVERBROAD AND SHOULD BE DENIED ....................................................................................................... 8

V. PLAINTIFF SHOULD NOT BE PRECLUDED FROM OFFERING THE TESTIMONY OF REGINALD ROBINSON AS PART OF HIS CASE IN CHIEF ................................... 9

VI. THE COURT SHOULD NOT PERMIT NURSE GEROW TO TESTIFY REMOTELY FROM CALIFORNIA .......................................................................................................10

VII. EVIDENCE REGARDING PLAINTIFF'S CRIMINAL CONVICTIONS SHOULD BE EXCLUDED AND EVIDENCE REGARDING REGINALD ROBINSON'S CRIMINAL CONVICTIONS SHOULD BE LIMITED ........................................................................ 13

VIII. PLAINTIFF DOES NOT INTEND TO ASK THE JURY FOR A SPECIFIC AMOUNT OF DAMAGES ..................................................................................................................13

IX. PLAINTIFF WILL NOT REFER TO THE POTENTIAL INDEMNIFICATION OF DEFENDANTS ................................................................................................................ 14

CONCLUSION .................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                                             **Page(s)**

*Anderson v. Branen*, 17 F.3d 552 (2d Cir. 1994) ............................................................................ 4

*Broden v. Rubinstein*, No. 21-CV-10411(VB),
  2025 U.S. Dist. LEXIS 72814 (S.D.N.Y. Apr. 16, 2025) ............................................................. 2

*Byfield v. Chapman*, 141 F. Supp. 3d 221 (S.D.N.Y. 2015) ............................................................ 8

*Cruz v. Gomez,* 202 F.3d 593 (2d Cir. 2000) ................................................................................... 6

*Hernandez v. Goord*, No. 01-CV-9585 (SHS),
  2014 U.S. Dist. LEXIS 113720 (S.D.N.Y. Aug. 14, 2014) .......................................................... 7

*Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529 (E.D.N.Y. 2011) ................................................... 1

*Jenkins v. Cty. of Nassau*, No. 19-cv-557 (GRB)(SIL),
  2021 U.S. Dist. LEXIS 26700,(E.D.N.Y. Feb. 10, 2021) ............................................................. 6

*Luce v. United States*, 469 U.S. 38 (1984) ...................................................................................... 1

*McClean v. Cty. of Westchester*, No. 17-CV-4492 (CS),
   2018 U.S. Dist. LEXIS 204269 (S.D.N.Y. Dec. 3, 2018) ........................................................... 5

*Media Glow Digit., LLC v. Panasonic Corp.*, No. 16-CV-7907 (PGG) (SLC),
  2022 U.S. Dist. LEXIS 143946 (S.D.N.Y. Aug. 11, 2022) ........................................................ 12

*Mercado v. Dep't of Corr.*, No. 16-CV-1622(VLB),
  2019 U.S. Dist. LEXIS 24134, at *7 (D. Conn. Feb. 14, 2019) ................................................... 8

*N.Y. State Elec. & Gas Corp. v. Sec. of Labor*, 88 F.3d 98 (2d Cir. 1996) ...................................... 7

*Quinones v. Atl. Hyundai*, No. 06-cv-1626 (TLM),
  2010 U.S. Dist. LEXIS 41401 (E.D.N.Y. Apr. 28, 2010) ............................................................ 9

*Radosti v. Hudson's Bay Co.*, No. 18-CV-12266 (VSB),
  2022 U.S. Dist. LEXIS 81031 (S.D.N.Y. May 4, 2022) ............................................................ 10

*Savinova v. Nova Home Care, LLC*, No. 20-CV-01612 (TOF),
  2025 U.S. Dist. LEXIS 84497 (D. Conn. May 4, 2025) ............................................................ 10

*Sawant v. Ramsey*, No. 07-CV-980 (VLB),
  2012 U.S. Dist. LEXIS 64384 (D. Conn. May 8, 2012) ............................................................ 11

*Solano v. Aubin*, No. 20-cv-1378 (BKS/ML),
  2024 U.S. Dist. LEXIS 19271 (N.D.N.Y. Feb. 5, 2024) .............................................................. 9

*Starmel v. James*, 634 F. Supp. 3d 41 (N.D.N.Y. 2022) .................................................................. 1

*United States v. Blackwell*, 853 F.2d 86 (2d Cir. 1988) .................................................................. 2

*United States v. Paredes*, 176 F. Supp. 2d 179 (S.D.N.Y. 2001) .................................................... 1

*United States v. Pugh*, 162 F. Supp. 3d 97 (E.D.N.Y. 2016) ........................................................... 1

*Vines v. Sexton*, No. 25-CV-01535 (MPS),
   2025 U.S. Dist. LEXIS 215834 (D. Conn. Nov. 3, 2025) ....................................................... 6, 7

*Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001) ................................................................ 6

**Rules**

Fed. R. Civ. P. 43 (a) ..................................................................................................................... 10
Fed. R. Civ. P. 43(a), advisory committee note to 1996 amendment ..............................................11

**Treatises**

McCormick on Evidence § 184 ....................................................................................................... 2

Plaintiff Darnell Green respectfully submits this memorandum of law in opposition to Defendants' motions in limine.

## LEGAL STANDARD

"Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). "Indeed, courts considering a motion in limine may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citation omitted). "Further, a district court's ruling on a motion in limine is preliminary and 'subject to change when the case unfolds.'" *Starmel v. James*, 634 F. Supp. 3d 41, 44 (N.D.N.Y. 2022) (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984). "The moving party bears the burden of establishing that evidence is inadmissible for any purpose and so properly excluded on a motion in limine." *Id.* at 44 (citing *United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016)).

## POINT I

**PLAINTIFF SHOULD NOT BE PRECLUDED FROM OFFERING BRIEF TESTIMONY ABOUT WHY HE REFUSED TO GET OFF THE TRANSFER BUS AND ABOUT HIS EXPERIENCE IN SULLIVAN CORRECTIONAL FACILITY'S CORRECTIONAL ALTERNATIVE REHABILITATION UNIT**

On direct examination, Plaintiff does not intend to testify extensively about any specific instances of mistreatment by non-defendant Department of Corrections and Community Supervision ("DOCCS") employees at Sullivan Correctional Facility ("Sullivan") prior to the date of the incident. However, Plaintiff should be allowed to briefly explain to the jury why he refused to get off the bus on May 3, 2022.

At his deposition (while still proceeding pro se), Plaintiff testified that he had previously been incarcerated at Sullivan and housed in the CAR program, a DOCCS program for prisoners

1

with certain disabilities to serve SHU (special housing unit) sanctions. *See* Transcript of Deposition of Darnell Green ("Pl.'s. Dep."), attached to the Response Declaration of Yan Fu ("Fu Response Decl.") as Ex. 1, 54:10 - 55:16. While there, he was mistreated by correction officers. *Id.* 52:7:14, 56:22 - 57:3. Plaintiff filed grievances about the conditions in the CAR unit and requested that DOCCS not transfer him back there. *Id.* 51:24 – 53:22. Because of Plaintiff's prior experiences at Sullivan, he refused to exit the bus on May 3, 2022. *See* Memorandum of Law in Support of Defendants' Motions in Limine ("Defs.' Br.') at 2-3.

Defendants Reed and Prescott worked in the CAR Unit and knew of Plaintiff's issues. Pl.'s Dep. 170:21 – 172:10. Indeed, Prescott was specifically assigned to speak with Plaintiff because of their prior interactions. *See* Transcript of Deposition of Daryl Prescott ("Prescott Dep."), attached to the Fu Response Decl. as Ex. 2, 25:11-15. Reed was also familiar with Plaintiff and attempted to persuade Plaintiff to exit the bus. *See* Transcript of Deposition of Brett Reed ("Reed Dep."), attached to the Fu Response Decl. as Ex. 3, 19:22 -20:9; 20:21 – 21:3.

The Court has "wide discretion concerning the admissibility of background evidence." *United States v. Blackwell*, 853 F.2d 86, 88 (2d Cir. 1988). "As the Advisory Committee's notes on Rule 401 explain, evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding." *Broden v. Rubinstein*, No. 21-CV-10411 (VB), 2025 U.S. Dist. LEXIS 72814, at *9 (S.D.N.Y. Apr. 16, 2025) (citing McCormick on Evidence § 184, at 541 ("considerable leeway is allowed even on direct examination for proof of facts that do not bear purely on the legal issues, but merely fill in the background of the narrative")).

Plaintiff should be allowed to briefly explain why he refused to get off the bus. Without this context, the jury may incorrectly infer that Plaintiff arbitrarily disobeyed orders, leading to

2

an unfairly negative impression of him. Moreover, both sides' witnesses are likely to testify that, before the officers used force, there was a back-and-forth during which Plaintiff explained why he did not want to get off the bus and Defendants relied on their shared history to persuade him. Preventing Plaintiff from explaining his reasons would leave significant gaps in the narrative and invite juror speculation.

This testimony is also relevant to the subjective component of Plaintiff's Eighth Amendment excessive-force claim. For example, the jury could conclude that Defendants acted maliciously or sadistically—rather than in a good-faith effort to maintain order—because of their history with Plaintiff, out of animus towards Plaintiff, or because of Plaintiff's past complaints about the CAR unit.

Of course, Plaintiff does not intend to create a "mini-trial" regarding his past experiences at Sullivan and, on direct examination, will keep his testimony on such matters very brief. However, Defendants fail to show, at this stage, that evidence regarding Plaintiff's reasons for refusing to get off the bus is categorically inadmissible. Plaintiff respectfully submits that the Court is in the best position to limit the scope of this testimony at trial as appropriate.

**POINT II**

**PLAINTIFF SHOULD NOT BE PRECLUDED FROM TESTIFYING ABOUT MEDICAL CARE WHILE IN DOCCS CUSTODY AND PLAINTIFF HAS RAISED A FAILURE TO INTERVENE CLAIM**

**A. Medical Care**

Defendants seek to preclude Plaintiff from introducing evidence about his dismissed medical deliberate indifference claim against Defendant Armbruster. Defs Br. at 4. Plaintiff does not intend to reference that claim at trial.

However, Defendants also ask the Court to preclude Plaintiff from "testifying or offering evidence for the purpose of arguing that he received inadequate medical care while in DOCCS

3

custody." That request goes too far. Evidence concerning the medical care Plaintiff actually received while in custody, including delays, denials, or limitations, is relevant to damages. Plaintiff's medical records reflect significant gaps between when medical providers recommended certain treatment and when Plaintiff ultimately received that treatment. In personal-injury-type cases, defendants routinely point to such gaps in treatment to argue that a plaintiff's injuries were minor or not as serious as alleged. Plaintiff must therefore be permitted to explain why such gaps occurred and the extent to which DOCCS controlled his access to care.

For example, Plaintiff should be allowed to testify that, while incarcerated, DOCCS was solely responsible for providing and scheduling his medical care, including determining when and what treatment he received. Likewise, Plaintiff should be allowed to testify if he requested certain medical care and did not receive it. This testimony is directly relevant to the jury's evaluation of damages and to rebut any suggestion that treatment gaps undermine the severity of Plaintiff's injuries.

The Court can issue an appropriate limiting instruction clarifying that Plaintiff is not alleging that Defendants violated his constitutional rights to receive adequate medical care through deliberate indifference. But a categorical prohibition on any testimony that Plaintiff received inadequate or delayed medical care while in DOCCS custody is unwarranted and would improperly restrict Plaintiff's ability to present relevant damages evidence.

### B. Failure to Intervene

"It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994). "Liability may attach only when (1) the officer had a realistic opportunity to intervene and prevent

the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *McClean v. Cty. of Westchester*, No. 17-CV-4492 (CS), 2018 U.S. Dist. LEXIS 204269, at *52 (S.D.N.Y. Dec. 3, 2018) (citation omitted)

In his pro se Amended Complaint, Plaintiff alleges that officers D'Addezio, Prescott, and Reed "had taken me off the bus by use of force and into a hallway then start punching me in the fact and was [sitting] on [,] bending and kicking my right leg knee in the emergency room where I were on the floor." Am. Compl., ECF No. 28. While the phrasing is perhaps imprecise, Plaintiff plainly alleges two separate incidents of excessive force: (1) in a hallway and (2) inside a room in the medical unit. *See also* Defs.' Br. at 1.

Plaintiff elaborated on both incidents during his deposition. He testified that, while in the hallway, he was struck by Defendants Reed and D'Addezio while Prescott held him. *See* Pl.'s Dep. 136:24–137:4. If Prescott observed Reed or D'Addezio using excessive force, had a reasonable opportunity to intervene, and failed to do so, he is liable for failure to intervene. Plaintiff further testified that, while inside the medical clinic, officers took him to the ground and Prescott bent Plaintiff's legs back and sat on them. *See* Pl.'s Dep. 146:3–18. Defendants Reed and D'Addezio testified that they were involved in this use of force. *See* Reed Dep. 39:12–19; Deposition of Joseph D'Addezio, attached to the Fu Response Decl. as Ex. 4, at 44:12–45:2. Thus, if they were present, saw Prescott bending, sitting on, or otherwise using force on Plaintiff's legs to cause pain, and failed to intervene, they too would be liable.

It is well-established that a pro se complaint should be construed broadly and a court should interpret them to raise the strongest arguments that they suggest. *Cruz v. Gomez,* 202 F.3d

5

593, 597 (2d Cir. 2000). This principle applies with particular force to pro se civil rights pleadings. *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001).

*Vines v. Sexton*, No. 25-CV-01535 (MPS), 2025 U.S. Dist. LEXIS 215834 (D. Conn. Nov. 3, 2025) illustrates these rules. In *Vines*, a pro se pre-trial detainee alleged that a correction officer assaulted her through a "feeding trap" in her cell. 2025 U.S. Dist. LEXIS 215834, at *2. Another officer then bent the plaintiff's arm. *Id.* A third officer then kicked the feeding trap while the plaintiff's arm was still hanging out of it. *Id.* The plaintiff did not plead that any of the officers failed to intervene, or allege facts specifically describing a realistic opportunity to intervene. *See* No.25-CV-1535 (D. Conn.), ECF No. 1. Nevertheless, the Court construed the complaint to state claims for failure to intervene against each of the officers. *Vines*, 2025 U.S. Dist. LEXIS 215834, at *7. Like in *Vines*, Plaintiff here alleged facts identifying multiple officers present during two assaults—facts that readily support failure-to-intervene claims. These claims were therefore raised in the operative Amended Complaint and should proceed to trial.

To the extent the Court concludes that Plaintiff's failure-to-intervene claims were not sufficiently pleaded, Plaintiff respectfully requests leave to amend under Rule 15. "Absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice or futility, the leave sought should be freely given." *Jenkins v. Cty. of Nassau*, No. 19-cv-557 (GRB)(SIL), 2021 U.S. Dist. LEXIS 26700, at *5-6 (E.D.N.Y. Feb. 10, 2021) (cleaned up). Plaintiff filed the Amended Complaint as a pro se civil rights litigant and pro bono counsel was not appointed until the case was headed to trial. Defendants have been aware of Plaintiff's factual allegations since, at the latest, Plaintiff's deposition on February 3, 2025. "Amendments are generally favored because they tend to facilitate a proper decision on the merits." *Id.* at *6. Furthermore, allowing the amendment would not expand the evidence that would be required to be introduced at trial.

6

Accordingly, if the Court determines that Plaintiff's failure-to-intervene claims were not adequately raised, it should permit Plaintiff to file a Second Amended Complaint.[1]

## POINT III

### PLAINTIFF SHOULD NOT BE PRECLUDED FROM TESTIFYING OR OFFERING EVIDENCE ABOUT HIS LEG INJURY, HIS SYMPTOMS AFTER THE INCIDENT, OR THE TREATMENT HE RECEIVED

Plaintiff contends that Defendants' use of force caused him to suffer, in part, a leg injury. As a result, Plaintiff received medical care while in DOCCS custody. Plaintiff does not intend to testify, as a doctor would, that Defendants' actions caused any particular diagnosis. For example, Plaintiff will not testify that Defendants caused a nerve condition, a quadriceps strain, or any structural damage.

However, as Defendants concede, Plaintiff is permitted to testify regarding the symptoms he experienced and when they occurred in relation to the incident. *See* Defs.' Br. at 6. Thus, Plaintiff intends to testify that he experiences pain in his right leg and that his symptoms occurred after the incident. In addition, Plaintiff may testify about the medical care he has received for his leg (for example, that DOCCS performed x-rays, ordered MRIs, and provided physical therapy). Plaintiff may also testify about relevant accommodations provided by DOCCS during his incarceration. Such testimony is permissible under Fed. R. Evid. 701 because it is rationally based on Plaintiff's personal perception and does not rely on specialized medical knowledge.

Moreover, both sides intend to introduce relevant medical records and have stipulated to admissibility. Thus, while Plaintiff himself does not have specialized medical training, Plaintiff

---

[1] Alternatively, Plaintiff intends to move at trial that the operative Amended Complaint be amended to conform with the evidence pursuant to Fed. R. Civ. P. 15(b). "Rule 15(b) requires no motion or formal amendment of the pleadings." *Hernandez v. Goord*, No. 01-CV-9585 (SHS), 2014 U.S. Dist. LEXIS 113720, at *7 (S.D.N.Y. Aug. 14, 2014) (quoting *N.Y. State Elec. & Gas Corp. v. Sec. of Labor*, 88 F.3d 98, 105 (2d Cir. 1996)). Such a motion "may be made at any time, even after judgment." *Id.*

7

can "lay the groundwork for the jury to infer causation." *Mercado v. Dep't of Corr.*, No. 16-CV-1622(VLB), 2019 U.S. Dist. LEXIS 24134, at *7 (D. Conn. Feb. 14, 2019);  *see, e.g.*, *Byfield v. Chapman*, 141 F. Supp. 3d 221 (S.D.N.Y. 2015) ("[T]he jury is able to assess on its own whether the blood in Plaintiff's urine was caused by the beating he suffered a few days before or by a possible underlying condition.").  Accordingly, Defendants' motion should be denied as moot.

## POINT IV

### DEFENDANTS' REQUEST FOR A BLANKET BAN OF EVIDENCE OF OTHER WRONGFUL ACTS BY DEFENDANTS' WITNESSES IS OVERBROAD AND SHOULD BE DENIED

Defendants request that the Court "preclude any evidence or testimony concerning unrelated instances of DOCCS misconduct or previous or pending lawsuits against Defendants that do not involve Plaintiff."   Defendants' request for a blanket ban on such evidence sweeps too broadly and, for the reasons discussed below, the Court should evaluate any such evidence as it is introduced.

First, "unrelated instances of DOCCS misconduct," "unrelated instances of Defendants' misconduct," and "previous or pending lawsuits against Defendants" should not be treated as though they raise the same evidentiary concerns. Evidence relating to wholly unrelated instances of DOCCS misconduct—meaning wrongdoing by *non-witness* DOCCS staff in incidents that *do not involve* Plaintiff or issues with the prison system generally—is likely inadmissible because it is not relevant to any issue in this case.

With respect to individual witnesses, however, the analysis is different. Although "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," Fed. R. Evid. 404(b)(1), such evidence may be admissible for permissible, non-propensity purposes. Rule 404(b)(2) expressly permits admission of such evidence "for another purpose,

8

such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Solano v. Aubin*, No. 9:20-cv-1378 (BKS/ML), 2024 U.S. Dist. LEXIS 19271, at *2 (N.D.N.Y. Feb. 5, 2024) (quoting Fed. R. Evid. 404(b)(2)). Extrinsic evidence is likewise admissible under Rule 608(b) for impeachment if it is probative of a witness's character for truthfulness.

Thus, Plaintiff reserves the right to seek to use such evidence for any allowable purpose and respectfully requests that the Court evaluate admissibility as the evidence is offered at trial. Courts routinely decline to issue the kind of blanket prohibition Defendants seek. *See, e.g.*, *Quinones v. Atl. Hyundai*, No. 06-cv-1626 (TLM), 2010 U.S. Dist. LEXIS 41401, at *7 (E.D.N.Y. Apr. 28, 2010) (in an employment case, declining to issue a blanket order excluding discrimination evidence involving other employees and instead evaluating admissibility at sidebar as evidence was introduced).

## POINT V

**PLAINTIFF SHOULD NOT BE PRECLUDED FROM OFFERING THE TESTIMONY OF REGINALD ROBINSON AS PART OF HIS CASE IN CHIEF**

At trial, Defendants apparently intend to call the three Defendant officers, a non-party correction officer, and a DOCCS Captain. All of them are likely to claim that, as Plaintiff was being forced off the bus, he kicked several officers and bit Defendant Reed. Plaintiff will deny biting Reed or kicking anyone, but absent additional evidence, it would be Plaintiff's word against that of five DOCCS employees.

Against this backdrop, Defendants seek to exclude the testimony of Reginald Robinson, a formerly incarcerated eyewitness. Following the incident, DOCCS issued Plaintiff an Inmate Misbehavior Report and convened a disciplinary hearing. At that hearing, Mr. Robinson testified

that Plaintiff did not bite or kick any officer. His testimony is the only third-party account that contradicts Defendants' version of events.

Mr. Robinson's testimony will directly assist the jury in assessing the credibility of both Plaintiff and the Defendants—a central issue in this case. Moreover, whether Plaintiff bit or kicked any officer, even while outside the facility, is relevant to both the objective and subjective components of Plaintiff's Eighth Amendment excessive-force claims. Accordingly, the Court should deny Defendants' motion to exclude Mr. Robinson's testimony.

## POINT VI

**THE COURT SHOULD NOT PERMIT NURSE GEROW TO TESTIFY REMOTELY FROM CALIFORNIA**

After the incident, Megan Gerow, then a DOCCS nurse, examined Plaintiff. She was not deposed in this matter. Defendants now move to allow Nurse Gerow to testify remotely via videoconference. For the reasons below, this request should be denied.

"At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43 (a). "Rule 43 reflects a strong preference for in-person testimony." *Savinova v. Nova Home Care, LLC*, No. 20-CV-01612 (TOF), 2025 U.S. Dist. LEXIS 84497, at *6 (D. Conn. May 4, 2025). "First and foremost, in-person testimony may be more truthful testimony; as the Advisory Committee has observed, when the witness is present in the courtroom, 'the very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling.'" *Id.* at *6 (citing Fed. R. Civ. P. advisory committee's notes to 1996 amendments). In addition, "the opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." *Radosti v. Hudson's Bay Co.*, No. 18-CV-12266 (VSB), 2022 U.S. Dist. LEXIS 81031, at *4 (S.D.N.Y. May 4, 2022) (denying motion to allow remote testimony).

10

To permit Nurse Gerow to testify remotely by video, Defendants must show "good cause in compelling circumstances." *See* Fed. R. Civ. P. 43 (a). They do not.

Defendants rely on Nurse Gerow's affidavit, which states that she lives and works in San Diego, California. *See* Affidavit of Megan Gerow, ECF No. 75-2 ¶ 1. She experiences pain because of osteoarthritis of the knees, back, and neck. *Id*. ¶ 8. Her pain is "exacerbated in cold climates," particularly following a patella fracture three years ago, and because of "current treatment" for an injury to her forearm. *Id*. Furthermore, she has a workers compensation claim evaluation scheduled for December 3, 2025, which was "assigned to [her] by a third party." *Id.* ¶ ¶10-12.

"Serious health conditions inhibiting a witness's ability to travel constitute good cause and compelling circumstances to permit live testimony in open court via video conference." *Sawant v. Ramsey*, 2012 U.S. Dist. LEXIS 64384, 2012 WL 1605450, at *3 (D. Conn. May 8, 2012). Defendants fail to show that Nurse Gerow's conditions are sufficiently serious and inhibit her ability to travel. There is no medical opinion stating she is unable to travel. As for the fact that the pain is "exacerbated" in cold climates, the trial will be held in a (presumably) climate controlled courthouse and not outside in the cold.

The timing of Defendants' request offers an additional, independent basis for denial. The advisory committee note to the 1996 amendment to Rule 43(a) warns that

> [a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances. Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying.

Fed. R. Civ. P. 43(a), advisory committee note to 1996 amendment.

Here, Defendants make their request on the eve of trial. Reading between the lines, it appears that Nurse Gerow's osteoarthritis pain is not a recent development. *See* Gerow Aff. ¶ 8 (osteoarthritis pain worse *since* she fractured her right patella in 2022), ¶ 9 ("This is a major reason why I now live in southern California").[2] Defendants offer no explanation for why the request to the Court for remote testimony was not made sooner, especially because the Court first set a trial date in June.

*Media Glow Digit., LLC v. Panasonic Corp.*, No. 16-CV-7907 (PGG) (SLC), 2022 U.S. Dist. LEXIS 143946 (S.D.N.Y. Aug. 11, 2022) is instructive. There, the plaintiff sought—one week before trial—to have a witness testify remotely based on a doctor's note indicating that the witness was "at a higher risk of developing COVID" and that it would "not be advisable for him to travel to New York City due to his cardiac amylodisis." 2022 U.S. Dist. LEXIS 13946, at *3. Judge Gardephe denied the request on two grounds. First, the plaintiff "did not promptly request an order permitting testimony by video conference and did not act as soon as the reasons justifying testimony by video conference were known." *Id*. at *7 (cleaned up). Second, the plaintiff failed to demonstrate that the witness was "medically unable to travel for in-person testimony or to offer in-person testimony." *Id.* at *7-8 (emphasis added). The same reasoning applies here.

Nurse Gerow's upcoming December 3 workers' compensation evaluation likewise does not constitute a compelling circumstance. While she states she has "very little" control over the appointment timing, she does not indicate whether she attempted to reschedule or even inquired about the possibility of rescheduling. Notably, the start of trial was originally scheduled for November 17, 2025 and it was postponed at Defendants' request. Thus, if Defendants were aware

---

[2] An internet search for "Megan Gerow" turns up a personal website for a nurse who previously worked at Sullivan Correctional Facility and started working in Southern California in December 2024. *See Megan Gerow – Registered Nurse*, available at https://us.bold.pro/my/megan-gerow-rn.

12

that Nurse Gerow had an in-person appointment on December 3, 2025 and they believed that she was a crucial witness, then they could have requested the Court schedule the trial another time.

Finally, the Federal Rules already provide a mechanism to preserve and use testimony of a witness who is more than 100 miles from the courthouse or otherwise unavailable: deposition testimony.  When Defendants first sought Plaintiff's consent in mid-October for Nurse Gerow to testify remotely, Plaintiff agreed to her deposition notwithstanding the close of discovery. Defendants declined to take it. Having rejected the Rule-authorized method for preserving testimony, Defendants should not now be able to rely on Rule 43 as a substitute.  For all these reasons, Defendants' request to permit Nurse Gerow to testify remotely at trial should be denied.

## POINT VII

### EVIDENCE REGARDING PLAINTIFF'S CRIMINAL CONVICTIONS SHOULD BE EXCLUDED AND EVIDENCE REGARDING REGINALD ROBINSON'S CRIMINAL CONVICTIONS SHOULD BE LIMITED

For the reasons discussed in Plaintiff's Memorandum of Law in Support of Plaintiff's Motions in Limine, evidence regarding Plaintiff's convictions for manslaughter and criminal possession of a controlled substance should be excluded and evidence regarding Reginald Robinson's convictions for burglary should be limited.  *See* ECF No. 71, Points I and II.

## POINT VIII

### PLAINTIFF DOES NOT INTEND TO ASK THE JURY FOR A SPECIFIC AMOUNT OF DAMAGES

Plaintiff does not intend to request a specific dollar amount from the jury.

## POINT IX

**PLAINTIFF WILL NOT REFER TO THE POTENTIAL INDEMNIFICATION OF DEFENDANTS**

Plaintiff does not intend to refer to the potential indemnification of Defendants. This is subject to Defendants "opening the door" by, for example, introducing evidence about their financial conditions or otherwise arguing about inability to pay a jury award.

Dated: November 18, 2025
     New York, New York

                                  Respectfully submitted,

                                  THE FU FIRM PLLC
                                  By: */s/ Yan Fu*
                                  Yan Fu
                                  43 W. 43rd Street, Suite 205
                                  New York, NY 10036
                                  (212) 584-0581
                                  yfu@thefufirm.com

                                  COHEN & GREEN PLLC
                                  By: */s/ Regina Yu*
                                  Regina Yu
                                  1639 Centre Street, Suite 216
                                  Ridgewood (Queens), NY 11385
                                  (929) 888-9480
                                  regina@femmelaw.com

                                  *Pro bono counsel for Plaintiff*